**STATE OF OKLAHOMA ex rel. OKLAHOMA TAX COMMISSION, Plaintiff–Appellant,**

v.

**Jan GRAHAM and Chickasaw Nation, By and Through Overton James, Governor of the Chickasaw Nation, Defendants–Appellees.**

No. 86–1655.

United States Court of Appeals, Tenth Circuit.

May 18, 1988.

Robert C. Jenkins (J. Lawrence Blankenship, with him on briefs), Oklahoma City, Okl., for plaintiff-appellant.

Joe Mark Elkouri, Gen. Counsel, David Allen Miley and Givens L. Adams of the Oklahoma Tax Com'n, Oklahoma City, Okl., on brief, for plaintiff-appellant.

Bob Rabon of Kile, Rabon and Wolf, Hugo, Okl., for defendants-appellees.

John G. Ghostbear, Tulsa, Okl., on brief of amicus curiae Choctaw Nation of Oklahoma, for defendants-appellees.

Before SEYMOUR, MOORE, and TACHA, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

■ This case is again before us following remand, — U.S. ——, 108 S.Ct. 481, 98 L.Ed.2d 480, for reconsideration in light of *Caterpillar Inc. v. Williams,* — U.S. ——, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The question presented on remand is whether the action filed by the State of Oklahoma (State) in state court to collect taxes from the Chickasaw Nation was properly removed. We conclude that the State's complaint constituted an effort to avoid the sovereign immunity of the Chickasaw Nation because a federal question allowing removal is inherent in the pleading. We are, thus, convinced *Caterpillar* is inapposite, and we adhere to our previous disposition that removal was proper, and dismissal was warranted.[1]

In *Caterpillar,* the Supreme Court held that the defendant cannot remove a claim for breach of individual employment contracts by interjecting the collective bargaining agreement in its answer to provoke federal removal jurisdiction. The *Caterpillar* plaintiffs had sued for breach of state-law contract rights which, the Court decided, were founded on individual agreements, not "substantially dependent on analysis of a collective-bargaining agreement." *Id.* 107 S.Ct. at 2431. The defendant justified removal alleging facts not present in the plaintiffs' complaint to implicate federal substantive labor law. However, the Court held the state breach of contract action could not be transformed into § 301 LMRA litigation solely upon the basis the federal defense raised;[2] and

[o]nly state court actions that originally could have been filed in federal court may be removed to federal court by the defendant. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule,"

---

1. *State of Okla. ex rel. Oklahoma Tax Comm'n v. Graham,* 822 F.2d 951 (10th Cir.1987).

2. The Court recognized, "It is true that respondents, bargaining unit members at the time of the plant closing, possessed substantial rights under the collective agreement, and could have brought suit under § 301. As masters of the complaint, however, they chose not to do so." *Caterpillar,* 107 S.Ct. at 2431.

which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id.* at 2429 (footnotes and citations omitted). Because the *Caterpillar* complaint on its face was grounded on state law, raised no federal issues, and no other basis for federal jurisdiction was present when the suit was filed, the Court concluded removal was improper.

In our case, the State's complaint facially states a claim grounded on state law. Indeed, nothing within the *literal* language of the pleading even suggests implication of a federal question. Yet, such a question is inherent within the complaint because of the parties subject to the action.

■ The named defendant is the Chickasaw Nation, a sovereign entity whose status is subject to and limited by congressional power alone. *See Merrion v. Jicarilla Apache Tribe*, 455 U.S. 130, 102 S.Ct. 894, 71 L.Ed.2d 21 (1982). Thus, as we noted in our prior opinion, absent its consent, the Chickasaw Nation is subject to suit only under conditions prescribed by Congress. *State of Okla. ex rel. Oklahoma Tax Comm'n v. Graham*, 822 F.2d 951, 956 (10th Cir.1987).

The State attempted to "well-plead" its complaint by invoking only state revenue laws and thereby avoid the Chickasaw Nation's sovereign status. However, the complaint is not well-pleaded and consequently falls outside the boundaries *Caterpillar* set.

■ In order to well-plead an action in state court to impose state tax liability upon certain tribal commercial affairs transacted on the territory of the Chickasaw Nation, the State must plead either the tribe's consent to suit or its valid waiver. *See Puyallup Tribe, Inc. v. Department of Game of Wash.*, 433 U.S. 165, 97 S.Ct. 2616, 53 L.Ed.2d 667 (1977). The State

alleges neither, and the absence of this essential element of subject matter jurisdiction is the essence of the federal question inherent in the State's action.

■ On remand, we asked the parties to address the applicability of *Department of Revenue of Iowa v. Investment Finance Management Co.*, 831 F.2d 790 (8th Cir. 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1575, 99 L.Ed.2d 890 (1988). In that case, the Eighth Circuit dealt with a removal predicated upon federal preemption. The State argues *Investment Finance* is inapplicable because "the subject of [the instant] lawsuit does not come within the exclusive province of the Federal Government," and "the State of Oklahoma has jurisdiction over the parties and the subject matter." These arguments miss the point of concern.

The pertinent issue from *Investment Finance* is whether a removed action unenforceable against an Indian tribe or its agent should be remanded or dismissed. The Eighth Circuit held that remand is proper, but *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922), upon which *Investment Finance* is based, portends a different result.

Based on the rules of removal jurisdiction in force at the time the complaint was filed in state court, the Eighth Circuit decided the federal court to which the action was removed acquired only the jurisdiction of the state court. Thus, if the state court lacked jurisdiction over a case because of federal preemption, the federal court also lacked jurisdiction.[3] The predicate for this holding was established by Justice Brandeis in *Lambert Run* when he held "[i]f the state court lacks jurisdiction, ... the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Lambert Run*, 258 U.S. at 382, 42 S.Ct. at 351. Yet, contrary to the conclusion reached in *Investment Finance*, the *Lambert Run* court held the district court must dismiss the case without prejudice when it perceives the state court

---

**3.** Although this derivative jurisdiction rule was abolished by 28 U.S.C. § 1441 (1986), the Eighth Circuit held the amendment inapplicable to the case.

lacked subject matter jurisdiction. We conclude that is the proper disposition of this matter as well. Because we believe sovereign immunity protects the Chickasaw Nation against the State's action, we would follow the *Lambert Run* analysis to its final conclusion. Accordingly, the judgment of the District Court of the Eastern District of Oklahoma dismissing this action is AFFIRMED.

TACHA, Circuit Judge, dissenting.

Again I must respectfully dissent. The decision of the Supreme Court in *Caterpillar Inc. v. Williams*, — U.S. ——, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), reinforces the view expressed in my previous dissent, 822 F.2d 951, 957–60 (1987).

In *Caterpillar*, the Supreme Court makes clear that complete preemption does not provide a basis for removal from state to federal court unless the plaintiff's claims fall within the scope of the preempted field. In *Caterpillar*, the preemption question involved § 301 of the Labor Management Relations Act. It is well established that § 301 completely preempts the field of private rights arising out of collective bargaining agreements, so as to provide a basis for removal of cases purportedly relying on state law but in fact stating claims under collective bargaining agreements. *Caterpillar*, 107 S.Ct. at 2430; *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists*, 390 U.S. 557, 559–60, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968); *see also Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23–24, 103 S.Ct. 2841, 2853–54, 77 L.Ed.2d 420 (1983). In *Caterpillar*, the Court decided that plaintiffs' claims for breach of individual employment contracts were not within the scope of the field preempted by § 301 and therefore the defendants could not remove the action to federal court.

In particular, the final argument raised by the defendants in *Caterpillar* to justify removal is precisely analogous to the argument for removal in the present case. This argument was rejected by the Supreme Court, and it should be rejected here also.

In *Caterpillar*, the defendant argued that § 301 preempts a state claim even when the defendant raises only a defense based on a collective bargaining agreement. The defendant reasoned that, because interpretation of the agreement involves an area of federal law which preempts state law, if the defendant's interpretation is valid, the state claims do not survive and removal is appropriate. That is exactly the situation presented to this court. The defendant has asserted the defense of sovereign immunity. It is undisputed that federal law completely preempts this field. Thus, to apply this defense, a court must necessarily look to federal law. However, the interjection of such a defense does not provide a basis for removal jurisdiction. As the Supreme Court stated in *Caterpillar:*

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement [sovereign immunity in the present case], the state court will have to interpret that agreement [federal law regarding sovereign immunity] to decide whether the state claim survives. But the presence of a federal question, even a § 301 question [question of sovereign immunity], in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint....

107 S.Ct. at 2433.

The majority opinion does not persuade me that sovereign immunity operates other than as a defense. The majority relies on *Puyallup Tribe, Inc. v. Department of Game of Wash.*, 433 U.S. 165, 97 S.Ct. 2616, 53 L.Ed.2d 667 (1977), and, in its previous opinion, relied on *Ramey Constr. Co. v. Apache Tribe*, 673 F.2d 315 (10th Cir.1982), for the proposition that a plaintiff must affirmatively plead either consent or waiver of sovereign immunity to state a cause of action against an Indian tribe. The majority seems to be confusing a requirement for prevailing on the merits with a requirement for stating a cause of action. While the cases the majority relies on make clear that the plaintiff has the burden of

**1262**

demonstrating consent or waiver when the defense of sovereign immunity is raised, they contain no suggestion that allegations regarding consent or waiver constitute part of the cause of action and must appear in the plaintiff's complaint.

Furthermore, in analogous situations where the defendant claims immunity and the complaint does not present a federal question, it is a federal statute that provides authority for the federal courts to take jurisdiction. *Verlinden B. V. v. Central Bank of Nigeria*, 461 U.S. 480, 493 n. 20, 103 S.Ct. 1962, 1971 n. 20, 76 L.Ed.2d 81 (1983) (28 U.S.C. § 1330 makes an exception to sovereign immunity part of the plaintiff's cause of action against a foreign sovereign); *Willingham v. Morgan*, 395 U.S. 402, 406–07, 89 S.Ct. 1813, 1815–16, 23 L.Ed.2d 396 (1969) (28 U.S.C. § 1442 allows removal of actions brought in state court against federal officials acting in their official capacity). No such statute covers the present situation.

The majority notes that "the Chickasaw nation is subject to suit only under conditions prescribed by Congress," and suggests that this necessary reliance on federal authority allows removal to federal court. Majority opinion at 1260. The Supreme Court addressed and rejected precisely this argument in *Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In *Gully*, the state of Mississippi filed suit in state court to collect state taxes from a national bank. The district court allowed removal because the state must rely on a federal statute for the power to tax a national bank. In its opinion, the Supreme Court stated:

> Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit. The tax here in controversy if valid as a tax at all, was imposed under the authority of a statute of Mississippi. The federal law did not attempt to impose it or to confer upon the tax collector authority to sue for it. True, the tax, though assessed through the action of the state, must be consistent with the federal statute consenting, subject to restrictions, that such assessments may be made. It must also be consistent with the Constitution of the United States. If there were no federal law permitting the taxation of shares in national banks, a suit to recover such a tax would not be one arising under the Constitution of the United States, though the bank would have the aid of the Constitution when it came to its defense. That there *is* a federal law permitting such taxation does not change the basis of the suit, which is still the statute of the state, though the federal law is evidence to prove the statute valid.

*Id.* at 115, 57 S.Ct. at 99 (emphasis original) (citations omitted).

After reconsidering the present case in light of the Supreme Court's decision in *Caterpillar*, I am firmly convinced that this action was improperly removed to federal court. I would remand the case to state court. Because I would remand the case, I express no opinion on the applicability of *Department of Revenue of Iowa v. Investment Finance Management Co.*, 831 F.2d 790 (8th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1575, 99 L.Ed.2d 890 (1988).