OKLAHOMA TAX COMMISSION *v.* GRAHAM ET AL.

No. 88–266. Argued February 21, 1989—Decided March 29, 1989

*David Allen Miley* argued the cause *pro hac vice* for petitioner. With him on the briefs was *Stanley J. Alexander.*

*Bob Rabon* argued the cause and filed a brief for respondents.*

PER CURIAM.

The Chickasaw Nation owns and operates the Chickasaw Motor Inn in Sulphur, Oklahoma. At the inn, the Tribe conducts bingo games and sells cigarettes. Oklahoma filed a complaint against the Chickasaw Tribe and Jan Graham, who managed the enterprise for the Tribe, to collect unpaid state excise taxes on the sale of cigarettes and taxes on the receipts from the bingo games. The Chickasaw Nation, asserting federal-question jurisdiction under 28 U. S. C. § 1331, removed the action from the State District Court in Murray County to the United States District Court for the Eastern District of Oklahoma. The State moved to remand the case, arguing in part that the complaint alleged on its face only state statutory violations and state tax liabilities. The District Court, however, denied the motion. It noted that the complaint sought to apply Oklahoma law to an Indian Tribe and so implicated the federal question of tribal immunity. App. to Pet. for Cert. A25–A26. Shortly thereafter the District Court dismissed the State's suit, finding it barred by tribal sovereign immunity. *Id.*, at A27–A30.

A divided panel of the Tenth Circuit affirmed. *Oklahoma ex rel. Oklahoma Tax Comm'n* v. *Graham*, 822 F. 2d 951 (1987). The majority concluded that removal had been proper because the State's complaint, although facially based on state law, contained the "implicit federal question" of

---

*Briefs of *amici curiae* urging affirmance were filed for the Otoe-Missouria Tribe of Indians by *F. Browning Pipestem;* for the Sac and Fox Nation et al. by *G. William Rice;* for the Seneca Nation of Indians et al. by *Reid Peyton Chambers* and *William R. Perry;* and for the Wyandotte Tribe of Oklahoma et al. by *Glenn M. Feldman.*

*Dennis W. Arrow* filed a brief for the Inter-Tribal Council of the Five Civilized Tribes as *amicus curiae.*

tribal immunity. It noted that, as a prerequisite to stating jurisdiction over a recognized Indian tribe, it had held in other cases that "an alleged waiver or consent to suit is a necessary element of the *well-pleaded* complaint." *Id.*, at 954. Judge Tacha dissented on the ground that a case could not be removed on the basis of a federal defense and that "[i]t is not disputed that the face of the state's complaint in this case raises only state tax questions." *Id.*, at 958.

We vacated the Tenth Circuit's decision and remanded for reconsideration in light of our discussion of removal jurisdiction and the well-pleaded complaint rule in *Caterpillar Inc.* v. *Williams,* 482 U. S. 386 (1987). *Oklahoma Tax Comm'n* v. *Graham,* 484 U. S. 973 (1987). On reconsideration, the panel of the Tenth Circuit adhered to its previous disposition that removal was proper. *Oklahoma ex rel. Oklahoma Tax Comm'n* v. *Graham,* 846 F. 2d 1258 (1988). The court read *Caterpillar* as holding that, to support federal-question removability, a complaint must on its face present a federal claim. But that rule did not apply to Oklahoma's complaint, thought the panel, because, although "nothing within the *literal* language of the pleading even suggests implication of a federal question," "such a question is inherent within the complaint because of the parties subject to the action." 846 F. 2d, at 1260. Again, Judge Tacha dissented. We granted certiorari, 488 U. S. 816 (1988).

We think the decision of the Court of Appeals is plainly inconsistent with *Caterpillar* and reverse it. "Except as otherwise expressly provided by Act of Congress," a case is not properly removed to federal court unless it might have been brought there originally. 28 U. S. C. § 1441(a). In the present case, the sole alleged basis of original federal jurisdiction is 28 U. S. C. § 1331, giving district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint" rule. "[W]hether a case is one aris-

ing under [federal law], in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor* v. *Anderson*, 234 U. S. 74, 75–76 (1914); *Louisville & Nashville R. Co.* v. *Mottley*, 211 U. S. 149 (1908).

In *Caterpillar*, we ruled that the application of the well-pleaded complaint rule defeated federal-question jurisdiction, and therefore removability, in a case in which employees sued on personal, state-law employment contracts. We refused to characterize these state-law claims as arising under federal law even though an interpretation of the collective-bargaining agreement might ultimately provide the employer a complete defense to the individual claims, and even though employee claims on the collective-bargaining agreement would have been the subject of original federal jurisdiction. *Caterpillar*, *supra*, at 396–398. The state-law tax claims in the present case must be analyzed in the same manner. Tribal immunity may provide a federal defense to Oklahoma's claims. See *Puyallup Tribe, Inc.* v. *Washington Game Dept.*, 433 U. S. 165 (1977). But it has long been settled that the existence of a federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law. *Gully* v. *First National Bank*, 299 U. S. 109 (1936). The possible existence of a tribal immunity defense, then, did not convert Oklahoma tax claims into federal questions, and there was no independent basis for original federal jurisdiction to support removal.

The jurisdictional question in this case is not affected by the fact that tribal immunity is governed by federal law. As the dissent below observed, Congress has expressly provided by statute for removal when it desired federal courts to adjudicate defenses based on federal immunities. See

*Willingham* v. *Morgan,* 395 U. S. 402, 406–407 (1969) (removal provision of 28 U. S. C. § 1442(a)(1) for federal officers acting "under color" of federal office sufficient to allow removal of actions in which official immunity could be asserted); *Verlinden B. V.* v. *Central Bank of Nigeria,* 461 U. S. 480, 493, n. 20 (1983) (original federal jurisdiction under 28 U. S. C. § 1330(a) over claims against a foreign sovereign which allege an exception to immunity). Neither the parties nor the courts below have suggested that Congress has statutorily provided for federal-court adjudication of tribal immunity notwithstanding the well-pleaded complaint rule.

As this case was improperly removed from the Oklahoma courts, the merits of the claims of tribal immunity were not properly before the federal courts, and we express no opinion on that question.

The judgment of the Court of Appeals is

*Reversed.*