STATE OF OKLAHOMA ex rel. OKLA-
HOMA TAX COMMISSION,
Plaintiff–Appellant,

v.

WYANDOTTE TRIBE OF OKLAHOMA,
a Federally Chartered Corporation,
Defendant–Appellee.

No. 90–5100.

United States Court of Appeals,
Tenth Circuit.

Nov. 26, 1990.

Joe Mark Elkouri, Gen. Counsel, and David Allen Miley, Asst. Gen. Counsel, Oklahoma Tax Com'n, Oklahoma City, Okl., for plaintiff-appellant.

Glenn M. Feldman of O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for defendant-appellee.

Before McKAY, MOORE and BRORBY, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

The Oklahoma Tax Commission appeals here the district court's denial of the Commission's motion to remand this action to collect state taxes against the Wyandotte Tribe of Oklahoma to state court for lack of federal jurisdiction. In the alternative, it appeals the district court's dismissal of the case based on the court's finding that the Tribe is immune from suit. Because we find that the district court did not have jurisdiction over the suit, we need not reach the immunity issue.

I.

The Commission originally filed suit in the District Court of Ottawa County to enjoin the Tribe from operating a convenience store until it had collected and paid all applicable state taxes. The Tribe then filed suit in the United States District Court for the Northern District of Oklahoma to enjoin the Commission from enforcing state tax laws against the store. The store is owned by the Tribe and located on tribal property. The action in state court was removed to federal court, and the cases were consolidated for trial.

At the district court, the Tribe filed a motion to dismiss the action it had filed in federal court, so that the only remaining case would be the action the Commission originally filed in state court. The Commission did not oppose the Tribe's motion. The Commission instead moved to remand the state action back to state court. The district court denied both motions and reached the merits of the case. On appeal, this court held that the Tribe's action in federal court should be dismissed pursuant to its own motion. The Commission's action was then remanded to the district court for a determination of whether the Tribe is immune from suit under the doctrine of sovereign immunity.

On remand, the Commission once again moved the district court to remand the case back to state court. The Tribe submitted a motion to dismiss based on sovereign immunity. The district court denied the Commission's motion to remand and dismissed the case based on the Tribe's defense of sovereign immunity. The Commission then brought this appeal.

## II.

■ Unless expressly authorized by Act of Congress, an action brought in state court may not be removed to federal court unless the action may have been brought there originally. *See* 28 U.S.C. § 1441 (1988); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Under the "well-pleaded complaint" rule, federal jurisdiction exists only when the plaintiff's well-pleaded complaint raises issues of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). Appellees claim federal jurisdiction here under 28 U.S.C. § 1331 (1988). We review questions of law de novo. *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986).

Citing the Supreme Court's recent decision in *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989), the Commission argues that the action was improperly removed to

federal court because there is no federal question that appears on the face of its complaint. In *Graham*, the Court held that a defense of tribal immunity "to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." *Graham*, 489 U.S. at 841, 109 S.Ct. at 1521. The Court therefore concluded that the state law tax claims against the tribe did not present a federal question. Though acknowledging *Graham*, the Tribe's response is two-fold. Initially, the Tribe argues that federal law has so completely preempted this area of the law that appellant's complaint is federal in character, thereby vesting federal courts with jurisdiction over the Commission's complaint. Second, the Tribe contends that the suit requires the resolution of a substantial question of federal law to establish a right to relief under state law. We address, in turn, each of the Tribe's arguments.

### A.

■ A well-established exception to the well-pleaded complaint rule is the complete preemption doctrine. It is premised on the proposition that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The Tribe claims that Indian taxation is such a creature of federal law. Citing *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974), the Tribe argues that relations with Indian tribes, " 'according to the principles of our constitution, are committed exclusively to the government of the union.' " *Id.* at 671, 94 S.Ct. at 779 (quoting *Worcester v. Georgia*, 6 Pet. 515, 561, 8 L.Ed. 483 (1832)).

The dispute in *Oneida*, however, centered around title to certain property. In determining that the suit could be removed to federal court, the Court stated: "Nor in sustaining the jurisdiction of the District Court do we disturb the well-pleaded com-

plaint rule.... Here, the right to possession itself is claimed to arise under federal law in the first instance." *Id.,* 414 U.S. at 676, 94 S.Ct. at 781–82. The Commission's claim of right to tax the Tribe here, however, arises under state law. The Supreme Court has recognized that its cases "have not established an inflexible *per se* rule precluding state jurisdiction over tribes and` tribal members in the absence of congressional consent." *California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 214–15, 107 S.Ct. 1083, 2090–91, 94 L.Ed.2d 244 (1987) (footnote omitted). We are therefore faced with a situation "where the underlying right or obligation arises under state law and federal law is merely alleged as a barrier to its effectuation." *Oneida,* 414 U.S. at 675, 94 S.Ct. at 781. Under *Graham,* this barrier does not convert this to a case arising under federal law.

### B.

■ We turn next to the Tribe's claim that the Commission's complaint runs afoul of what it terms the artful pleading exception to the well-pleaded complaint rule. The Supreme Court, in *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983), stated that "a case may still arise under the laws of the United States if a right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." The Tribe argues that the question of whether the Commission may properly plead a cause of action to tax the Tribe requires analysis of a substantial question of federal law.

The Tribe does not, however, indicate any other issue of federal law that must be resolved to decide the dispute between the parties other than the issue of sovereign immunity. We believe that the Court's decision in *Graham* forecloses any argument that the sovereign immunity of the Tribe is a sufficient question of federal law to allow removal of the case to federal court. We therefore are bound by the *Graham* decision.

### III.

The decision of the district court denying the Commission's motion to remand the case back to the district court is therefore REVERSED. The issue of whether the Tribe is immune from suit should not have been addressed and, accordingly, we VACATE the judgment of the district court dismissing the action. We remand the cause to the district court with directions to remand the action to the District Court of Ottowa County for further proceedings.