**BARNHART–GRAHAM AUTO, INC.,
Joseph Barnhart, Shirley Barnhart
and Stephen Graham**

v.

**GREEN MOUNTAIN BANK.**

Civ. A. No. 92–84.

United States District Court,
D. Vermont.

March 17, 1992.

Robert P. Gerety, Jr., Michael F. Hanley, Plante, Hanley & Gerety, P.C., White River Jct., Vt., and Mark R. Butterfield, Mark Butterfield, P.C., Rutland, Vt., for plaintiffs.

Samuel Hoar, Jr., Dinse, Erdmann and Clapp, Burlington, Vt., and Christopher O. Reis, Obuchowski and Reis, Bethel, Vt., for defendant.

## OPINION AND ORDER

BILLINGS, District Judge.

Plaintiffs moved this court on March 13, 1992, to remand the above-entitled action to Rutland Superior Court. They allege that defendant improperly removed the case since the complaint avers no federal question and, alternatively, defendant manifested clear intent to subject itself to state court jurisdiction and to waive its right to remove to federal court.

Section 1447(c) of Title 28 provides that if "it appears that the district court lacks subject matter jurisdiction," then the case shall be remanded and the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because we agree that no federal question exists upon which jurisdiction may be based, we will address exclusively this issue and forego discussion of subjection and waiver.

## Background

This suit concerns the purchase by plaintiffs, Vermont residents, of the assets of Smith–Buick/GMC in September 1988. Defendant, a Vermont corporation, through its predecessor in interest, Proctor Bank, financed the purchase over a term of years and with a line-of-credit which the parties now dispute. Plaintiffs allege, *inter alia,* that defendant breached its promises to refinance the purchase, wrongfully converted certain property duly held by plaintiffs, and wrongfully controlled plaintiffs' business operations. As a proximate result of defendant's actions, plaintiffs' claim to have suffered severe financial losses and other damages.

## Discussion

Defendant having removed the case from the Rutland Superior Court to the United States District Court based on federal question jurisdiction, plaintiff argues that removal was improper because, *inter alia,* the complaint alleges no cause of action arising under federal law. We agree.

Generally, a case "arises under" federal law, 28 U.S.C. § 1331 (1991), and is thus removable based on federal question jurisdiction, if federal law creates a plaintiff's cause of action. *See American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260, 36 S.Ct. 585, 586, 60 L.Ed. 987 (1916). Federal jurisdiction for state-based claims that involve construction of federal law is allowed but only if the federal element is substantial. *See Gully v.*

*First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

To obtain removal jurisdiction based on a claim arising under federal law, "the general rule is that the federal question must appear in the complaint well pleaded." 1A Moore's Federal Practice ¶ 0.160[3.–1], at 231 (1990). This claim must be substantially disclosed on the face of the complaint, "unaided by the answer or by the petition for removal." *Gully,* 299 U.S. at 113, 57 S.Ct. at 98. Thus, removal jurisdiction is improper where the complaint does not plead a federal question, "unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). As the Supreme Court explained in *Oklahoma Tax Com'n v. Graham,* 489 U.S. 838, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924 (1989), "a case is not properly removed to federal court unless it might have been brought there originally." *See also* 28 U.S.C. § 1441(a).

Further, the party bringing suit "is master to decide what law he will rely upon and therefore does determine whether he will bring a 'suit arising under' [federal law]." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913). That is, a plaintiff may evade federal jurisdiction by reliance on state law exclusively.

However, a plaintiff cannot thwart removal by concealing or "artfully pleading" a federal question that would necessarily have appeared if the complaint had been well pleaded. *Travelers Indem. Co. v. Sarkisian,* 794 F.2d 754, 758 (2nd Cir.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986). To artfully plead is to clothe a federal claim "in state garb," thereby defeating removal. *Id.*

In the instant case, defendant has averred as grounds for removal Count 9 of plaintiffs' complaint, ostensibly setting forth a claim for relief arising under the laws of the United States, and Count 5 of its counterclaim, alleging violations by plaintiffs of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). We think these grounds are meritless.

Plaintiffs' fourteen-count complaint is essentially state-based. But for a meager reference to federal law in a single count, plaintiffs have unequivocally manifested an intent to pursue state-based causes of action and the complaint overwhelmingly sounds in state law, i.e. contract and tort. Clearly, federal law does not comprise a necessary element of plaintiffs case as required by *Franchise Tax Board.* Moreover, the suit could not originally have been brought in this court since the complaint does not well plead a federal question. Therefore, removal is plainly improper. *See Oklahoma Tax Com'n,* 109 S.Ct. at 1521.

Further, because this case does not arise under nor require construction of federal law, it cannot be said that plaintiffs have artfully pleaded their claims. To be sure, a panoply of state laws and remedies is available to plaintiffs. Federal law has little, if any, palpable relevance to their claims and thus does not constitute a substantial part of their suit. Removal based on federal question jurisdiction, then, cannot rightfully occur.

Defendant's claim that RICO allegations set forth in its counterclaim constitute a federal question for the purposes of removal is also fruitless. The case law clearly teaches that grounds for removal must inhere in the plaintiff's claim, rather than in a defense or counterclaim. *See Ballard's Serv. Center, Inc. v. Transue,* 865 F.2d 447 (1st Cir.1989); *Dartmouth Plan, Inc. v. Delgado,* 736 F.Supp. 1489 (D.Ill.1990); *Nolan v. Otis Elevator Co.,* 560 F.Supp. 119 (D.N.J.1982); C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3721, at 208 (2d ed. 1985). Thus, the existence of a RICO count in the counterclaim is immaterial to the issue of removal. Defendant's claim, therefore, must fail; removal jurisdiction does not exist.

### Conclusion

Having found no basis upon which this case could be rightfully removed, we hereby REMAND this action to the state court and costs are awarded to plaintiffs pursuant to 28 U.S.C. § 1447(c). Plaintiffs shall submit an affidavit to this court within ten days detailing their expenses, including attorney fees.

Further, we make no decision concerning the Writ of Replevin issued by this court on March 13, 1992. Instead, we trust the matter will be dutifully addressed by the state court.

SO ORDERED.