45 F.3d 423
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 William J. MURPHY, et al., Plaintiffs, Appellees,
v.
Darwin MOLINO, Defendant, Appellant.
 No. 94-1924.
 United States Court of Appeals,
First Circuit.
 Jan. 30, 1995.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Rya W. Zobel, U.S. District Judge ]
 William J. Murphy, Jr. on brief pro se.
 Darwin Molino on brief pro se.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, BOUDIN and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Darwin Molino rented a cabin from a trust of which William J. Murphy, Jr. is trustee. After a dispute about Molino's non-payment of rent, the Bristol housing court at Murphy's behest issued a summons and complaint on December 20, 1993. An attempted settlement broke down, and in May 1994, Molino sought unsuccessfully to transfer the pending case to the Massachusetts Supreme Judicial Court.
 
 
 2
 When this effort failed, Molino on June 3, 1994, filed a petition to remove the case to federal district court relying on federal question jurisdiction, see 28 U.S.C. Sec. 1441(c), and on a provision allowing removal by defendant who is denied or cannot enforce in state court his "equal civil rights." 28 U.S.C. Sec. 1443(1). Removal was improper. No federal question arises on the face of the complaint, Oklahoma Tax Commis. v. Graham, 489 U.S. 838 (1989); and the equal rights provision relates to racial equality, Johnson v. Mississippi, 421 U.S. 213, 219 (1975), whereas Molino's concern is with a supposed violation of his "right to confidentiality" during a mediation proceeding.
 
 
 3
 On July 29, 1994, the district court dismissed Molino's removed action for lack of jurisdiction. Judgment was entered on August 1, 1994, and Molino filed a timely appeal. Apparently after the dismissal the Bristol housing court ordered the sheriff to take possession of the cabin and to collect past rent, interest and costs. Molino sought a temporary restraining order from the district court, seeking to prevent the eviction. The district court denied the motion. On this appeal, Molino continues to insist that the district court did have jurisdiction over the case and asks that the housing court's writ to the sheriff be vacated.
 
 
 4
 Molino's brief on appeal is a two-page document that is mainly a cross-reference to appended statutes and other papers. Despite Molino's conclusory assertion, there is no basis for believing that federal question jurisdiction exists in the district court or that this is a case in which equal rights removal is justified. If Molino were asking for a remand rather than dismissal, he would arguably be entitled to that relief, see 28 U.S.C. Sec. 1447(c); Ronan v. Stone, 396 F.2d 502, 503 (1st Cir. 1968), but apparently the housing court is the last place he wants to be, and we have no reason to consider relief that Molino himself does not seek.
 
 
 5
 Molino's more interesting argument is that the housing court should not have proceeded with the case after dismissal by the district court since the case had been removed, never remanded, and apparently never refiled in the housing court. If the state court had proceeded while the case was pending in federal district court, it would be acting contrary to the district court's plenary authority over the removed action, and the district court would indeed have had authority to protect its own jurisdiction. See generally Hyde Park Partners, L.P. v. Connolly, 839 F.2d 842 (1st Cir. 1988). But here the housing court apparently acted only after the federal court had dismissed the case and relinquished authority over it.
 
 
 6
 Whether the housing court should have required the papers to be refiled by Murphy is a matter of state law. If there was any error in the manner in which the state court reassumed authority over the case, Molino was free to seek review in the state system. This court, however, is not entitled to engage collaterally in review of a state court judgment where federal jurisdiction has not been infringed upon. Rooker v. Fidelity Trust, 263 U.S. 413 (1923).
 
 
 7
 We affirm the judgment of the district court. Molino's motion to expedite this appeal is dismissed as moot.