**FOUR ACES MOBILE HOME ESTATES, Safety Investment Corporation, The State of California, Plaintiffs,**

v.

**Holli LUNDAHL, Defendant.**

**No. 2:97–CV–0993J.**

United States District Court,
D.Utah,
Central Division.

March 24, 1998.

Holli Lundahl, Midvale, UT, pro se.

## MEMORANDUM ORDER

JENKINS, Senior Judge.

On March 13, 1998, at 2:00 p.m., the Court held a hearing on defendant's Notice of Removal and Motion to Consolidate. The defendant Holli Lundahl, who was provided written notice of the hearing, failed to appear. The Court has extensively reviewed the defendant's pending notice and motion and, for reason's stated both on the record and below, hereby dismisses Lundahl's Notice of Removal and denies her Motion to Consolidate.

### Discussion

Although Lundahl claims that jurisdiction for removal exists both under diversity and federal question jurisdiction, neither jurisdictional basis has been satisfied. Starting with diversity jurisdiction, under the removal statutes, an action seeking removal on diversity grounds must initially satisfy complete diversity—that is, all defendants must be diverse from all plaintiffs. If just one of the state court defendants is not diverse, *i.e.*, he or she is domiciled in the same state as any plaintiff, diversity jurisdiction under 28 U.S.C. § 1332 is lacking and removal would be improper.

The complaint Lundahl seeks to remove is one based on real property. The named plaintiff, Four Aces Mobile Home Estates, a California corporation and the owner of a mobile home park located in California, sought the eviction of defendant Mary Hadley and all persons occupying a certain mobile home. It is indisputable that at the time the complaint was filed, Ms. Hadley, or whoever occupied the mobile home, including defendant Lundahl, was also a resident of California and was likely domiciled in California. (According to the material filed along with Lundahl's Notice, she not only lived in California but she also had a California driver's license and owned a car that was registered in California.) If so, because both the plaintiff and at least on of the defendants are domiciled in California, complete diversity is lacking and this Court has no subject matter jurisdiction.

Lundahl, however, apparently believes that her residency in Utah at the time she filed her Notice of Removal is sufficient to invoke this Court's diversity jurisdiction. She is wrong. To begin with, even assuming Lundahl's Utah domicile, defendant Hadley and/or the other residents of the mobile home are still, apparently, residents of California. Therefore, even assuming that Lundahl's present Utah residency would have an impact, complete diversity is still lacking.

In addition, for complete diversity to exist in a removed case diversity must be present both at the time the notice of removal is filed in federal court *and* at the time the state court action was commenced. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir.1986); *see also Klein v. Amfac, Inc.*, 688 F.Supp. 1415, 1417 (N.D.Cal.1988) (stating that defendant cannot make a case removable by becoming a citizen of another state after the action was filed in state court). Therefore, notwithstanding Lundahl's current status as a Utah resident, her prior status as a California resident at the time the complaint was filed is enough to defeat diversity jurisdiction.

Even assuming for the moment that complete diversity of the parties exists, the Court still lacks subject matter jurisdiction. Diversity jurisdiction is a two-part inquiry: diversity of parties and at least $75,000 in controversy. *See* 28 U.S.C. § 1332(a). As the removing party, Lundahl bears the burden of proving that the state court action involves an amount that exceeds the $75,000 jurisdictional limit. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). Lundahl, however, falls far short of meeting that burden. Tellingly, Lundahl's Notice of Re-

moval is devoid of any allegation concerning the jurisdictional limit. Her only mention of an amount in controversy comes from the answer she filed in state court, where she acknowledged that the cause of action asserted in the plaintiff's complaint demanded less than $1,000. Therefore, by her own admission, Lundahl forecloses diversity jurisdiction. *See, e.g., Laughlin,* 50 F.3d at 873 (holding no diversity jurisdiction where neither the complaint nor the notice of removal establishes the requisite amount in controversy).

Moreover, the Court also takes judicial notice that this is an action in eviction from a mobile home park. Plaintiff sought back rent of just under two hundred dollars and other minimal incidental damages. In most actions of this sort, what the plaintiff generally seeks is the right to take possession of the property—the landlord wants the tenant out. Surely an eviction from a mobile home site cannot realistically amount to a $75,000 judgment. Therefore, because the jurisdictional amount has not been alleged and, apparently, cannot be satisfied, this Court lacks diversity jurisdiction. *See Laughlin,* 50 F.3d at 873; *Liberty Mut. Ins. Co. v. Ward Trucking Corp.,* 48 F.3d 742, 750 (3d Cir.1995).

■ As an alternative basis for this Court's jurisdiction, Lundahl asserts that federal question jurisdiction supports removal. According to Lundahl, federal question jurisdiction is satisfied because her state court answer raises "numerous federal questions" as affirmative defenses. However, the standard to be applied in removal cases, known as the well-pleaded complaint rule, looks only to the face of the plaintiff's complaint in determining whether federal question jurisdiction exists. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The mere fact that a defense to the state action may raise issues of federal law is not enough to support removal. *Id.* The complaint in this case is based on an action for eviction of California residents from California real property. There is no suggestion from the face of the complaint that this action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, Lundahl's defenses, even assum-

ing their validity, do not support federal question jurisdiction.

■ As a final jurisdictional matter, it appears that there is no case or controversy for the Court to decide. Lundahl appeared in state court to challenge the entry of a default judgment and the issuance of a writ of possession. At the time of her appearance, the state court denied her application to vacate the default and the writ of possession. Apparently, this is a final judgment in favor of the plaintiff. Lundahl's Notice of Removal does not mention any appeal.

■ Based upon this course of events, it appears that the eviction action initiated by the Complaint is no longer *pending* in any California court. The state action is over. This Court cannot (and will not) sit as a court of appeals to review the actions of an inferior state court. The California state court has apparently spoken and decided the issues. There is no longer any case or controversy for this Court to adjudicate. Accordingly, this Court lacks subject matter jurisdiction. *See* U.S. Const. art. III, § 2 (federal court's only have power to adjudicate actual cases and controversies).

This position is buttressed by the language of the removal statutes, which contemplate that there must be a *pending* state court action for removal to occur. *See* 28 U.S.C. § 1441(a) (". . . any civil action brought in a State court . . . may be removed .. to the district court . . . where such action is *pending.*"); § 1446(a) ("A defendant .. shall file in the district court .. within which such action is *pending* . . . ."); § 1447(d) ("Promptly after filing of such notice of removal . . . the State court shall proceed no further unless and until the case is remanded."). The absence of a *pending* state court action therefore defeats both removal and this Court's jurisdiction.

■ Even though the plaintiff has not appeared before the Court, the lack of subject matter jurisdiction obligates this Court to remand or dismiss the action. *See Liberty Mut. Ins.,* 48 F.3d at 750 (opining that because the statutory language concerning removal provides that "[i]f at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded," a district court would be "compelled ... to address the question of jurisdiction, even if the parties do not raise the issue"). Unlike procedural errors, the removal statutes do not require a motion from a party when it comes to subject matter jurisdictional errors. *Id.; see* 28 U.S.C. § 1447(c). In addition, the general rule that requires a federal court to satisfy itself that subject matter jurisdiction exists, must also apply equally in the removal context. *Liberty Mut. Ins.,* 48 F.3d at 750 (citations omitted); *see also Page v. City of Southfield,* 45 F.3d 128, 133 (6th Cir.1995) (reversing *sua sponte* remand for procedural removal errors but noting that "... the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion"); Fed. R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

▮ Although an order of remand is generally the proper disposition when subject matter jurisdiction is found to be lacking, this case presents a special circumstance. As noted above, the complaint Lundahl seeks to remove is no longer pending before any California state court. Thus, there is no state court to remand the action to. In such circumstances, when subject matter jurisdiction is lacking, and remand would be futile, the Court believes that outright dismissal rather than remand is the proper disposition. *Cf. Oklahoma v. Graham,* 846 F.2d 1258, 1260–61 (10th Cir.1988), *rev'd on other grounds,* 489 U.S. 838, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989).

### Conclusion

Because the Court has determined that it lacks subject matter jurisdiction, this action cannot go forward and must be dismissed. Of necessity, dismissal also operates to deny defendant's Motion to Consolidate as moot. Therefore, **IT IS ORDERED** that the defendant's Notice of Removal is **DISMISSED,** the Motion to Consolidate is **DENIED,** and the above-captioned action is **DISMISSED** in its entirety.