# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2538

_____

Iowa Management & Consultants, Inc.,   *
                                         *

                   Appellant,       *

                                         *   Appeal from the United States

        v.                       *   District Court for the Northern

                                         *   District of Iowa.

Sac & Fox Tribe of the Mississippi in   *

Iowa, Meskwaki Nation,           *

                                       *

                 Appellee.       *

_____

Submitted:  January 12, 2000

Filed:   March 23, 2000

_____

Before HANSEN, BRIGHT, and FAGG, Circuit Judges.

_____

FAGG, Circuit Judge.

The Sac & Fox Tribe of the Mississippi in Iowa, Meskwaki Nation (Tribe) moved successfully to dismiss Iowa Management & Consultants, Inc.'s (IMCI) complaint. IMCI appeals, and we affirm.

IMCI contracted to provide certain gaming-related services to the Tribe, but the relationship ultimately soured and the Tribe suspended the agreement. After IMCI sought arbitration under the agreement's binding arbitration clause, the Tribe requested

dismissal of the arbitration proceedings, claiming the agreement was a management contract that required approval by the National Indian Gaming Council (NIGC), see 25 U.S.C. § 2711 (1994); 25 C.F.R. § 533.1 (1999), that the required approval had not been obtained, and that the agreement was thus void, see id. § 533.7. The arbitration panel concluded that it did not have jurisdiction over the matter and that the contract issues had to be resolved elsewhere.

IMCI then filed a complaint in federal district court, alleging the agreement "was breached when the Tribe 'suspended' it" (Compl. ¶ 4) and requesting an order compelling both arbitration and the establishment of an escrow account under the terms of the agreement. IMCI also alleged:

> The Tribe's contention is, apparently, that the [agreement] is void as between the parties and therefore [the Tribe] cannot be forced to continue with arbitration. . . . The [agreement], contrary to the Tribe's contention, is a binding and valid Consulting Agreement, not a management contract, which did not need NIGC approval and is otherwise enforceable against the Tribe in every respect. . . . A federal question (i.e., is the [agreement] the type of contract which needs NIGC approval) has now been raised by the Tribe which must first be resolved before arbitration can continue.

(Compl. ¶¶ 7, 8, 11.) The district court granted the Tribe's motion to dismiss the complaint for lack of subject matter jurisdiction, concluding IMCI did not present a federal question in its affirmative allegations and instead impermissibly relied on the Tribe's anticipated defense to create federal question jurisdiction.

On appeal, IMCI contends the district court improperly concluded IMCI's complaint failed to state a federal question creating subject matter jurisdiction under 28 U.S.C. § 1331. We disagree. "The presence or absence of federal [] question jurisdiction is governed by the 'well-pleaded complaint' rule," which provides that the plaintiff's claim itself must present a federal question "'unaided by anything alleged in

anticipation of avoidance of defenses which it is thought the defendant may interpose.'" Oklahoma Tax Comm'n v. Graham, 489 U.S. 838, 840-41 (1989) (citation omitted); accord Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983). Here, IMCI alleges a routine contract action involving the Tribe, a matter over which federal courts do not have jurisdiction, see TTEA v. Ysleta del Sur Pueblo, 181 F.3d 676, 681 (5th Cir. 1999), and IMCI's anticipatory contention that the Tribe may invoke the provisions of IGRA as a defense is insufficient to confer federal question jurisdiction on this court, see id. IMCI's allegation that it is entitled to arbitration under the Federal Arbitration Act (FAA) also fails to present a federal question because the FAA "does not create . . . federal [] question jurisdiction [absent] . . . some other independent basis for federal jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983).

We thus affirm the district court's dismissal of IMCI's complaint for lack of subject matter jurisdiction.

BRIGHT, Circuit Judge, dissenting.

I agree with the fundamental importance of the well-pleaded complaint rule. I also agree that routine, Indian-related contract disputes are not generally matters for the federal courts. But IMCI's action against the Tribe is not a routine matter, and the well-pleaded complaint rule has no application here. Indeed, IMCI's complaint makes out a cause of action over which the district court should exercise jurisdiction, and I therefore dissent.

The majority opinion quotes from the complaint to support the conclusion that IMCI relied on the Tribe's "anticipated defense" to establish jurisdiction. When read in context, however, the quoted language does not purport to establish an affirmative allegation but rather serves as an informative aside, succinctly describing for the district

court just how the parties came before it.  We must look beyond these passages and consider what this lawsuit is really about.

First, the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701-2721, was expressly intended to "preempt the field in the governance of gaming activities on Indian lands."  S.Rep. No. 446, 100th Cong., 2d Sess. 6 (1988), reprinted in 1988 U.S.C.C.A.N. 3076.  Thus, management agreements for gaming operations, such as the agreement at issue here, incorporate the terms of the IGRA by operation of law.  See Tamiami Partners v. Miccosukee Tribe of Indians, 63 F.3d 1030, 1047 (11th Cir. 1995). As a result, disputes arising under such management agreements are disputes arising under the laws of the United States for which the district courts enjoy jurisdiction via 28 U.S.C. § 1331.  See id.

Second, even if that were not the case,  IMCI pleaded a declaratory judgment action.  At bottom, its complaint makes an affirmative request for a declaration of its right to arbitrate under the contract. (Compl. ¶12).  Although the declaratory judgment statute, 28 U.S.C. § 2201, does not alone offer an independent basis for jurisdiction, a federal court's jurisdiction will nevertheless be established in such an action when other grounds for exercising jurisdiction are present.  See TTEA v. Ysleta del Sur Pueblo, 181 F.3d 676, 681 (5th Cir. 1999).  Additionally, the IGRA has been held to support jurisdiction for the issuance of a declaratory judgment.  See Oneida Tribe of Indians of Wis. v. State of Wisconsin, 951 F.2d 757 (7th Cir. 1991) (actual controversy under the Act warrants declaratory judgment).  Most importantly for our purposes, an independent basis for jurisdiction in declaratory judgment actions may be established from the perspective of the declaratory *defendant*.  Indeed, as the Supreme Court has noted, even where declaratory *plaintiffs* have not otherwise established a basis for jurisdiction, "[f]ederal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant[] brought a coercive action to enforce its rights, that suit would necessarily present a federal question." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 19 (1983)

(noting that this approach is consistent with the nature of the declaratory remedy itself). Put another way:

> To establish an independent basis for jurisdiction . . . the plaintiff need not show that it would state a claim absent the declaratory judgment statute. Rather, it may show that there would be jurisdiction over a claim against it.

TTEA, 181 F.3d at 681 (citing 10B Charles A. Wright et al., Federal Practice and Procedure § 2767, at 651 (1998)). Thus, to establish federal jurisdiction over its own suit for declaratory judgment, IMCI needed only to show that were *IMCI* the defendant in an action brought by the Tribe under the contract, jurisdiction would lie in the federal courts. In my view IMCI has made the necessary showing.

Finally, it is important to recognize that the specific declaration sought by IMCI in this case concerns the validity of the arbitration clause in its contract with the Tribe. This circuit has held that, in the absence of clear and unmistakable evidence to the contrary, a question regarding the validity of an arbitration clause is not itself subject to arbitration and is instead a matter for the courts. McLaughlin Gormley King Co. v. Terminix Int'l Co., L.P., 105 F.3d 1192, 1193-94 (8th Cir. 1997) (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995)). As a practical matter then, there is no other forum in which IMCI may vindicate its rights.

For these reasons, IMCI's complaint against the Tribe establishes jurisdiction in the federal district court to declare the rights of the parties under the contract and to resolve the federal questions relating to the application of the IGRA to the parties' contractual arrangements. I would reverse and remand this case to the district court for trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.