Art NAVARRO, Plaintiff—Appellant,

v.

EAGLE MOUNTAIN CASINO; the Tule River Gaming Commission, aka Tribal Gaming Agency also known as Tribal Gaming Agency; The Tule River Tribal Council of the Tule River Indian Tribe; Neil Peyron; Philip D. Hunter; M. Garfield; Linda S. Santos; Evelyn Hunter; Alec Garfield; Vincent Burrough, Yolanda Gibson; Joey Garfield; Ralene Clower; Gary Santos, Defendants—Appellees.

No. 05–15048.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2006.

Decided June 6, 2006.

Robert Krase, Esq., Spallina and Krase, Porterville, CA, for Plaintiff–Appellant.

Robert M. Churell, Esq., Kirtland & Packard, El Segundo, CA, for Defendants–Appellees.

Before: BERZON, RAWLINSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Appellant Art Navarro appeals from the district court's order dismissing his complaint on the ground that the defendants, entities of the Tule River Indian Tribe, were immune from suit by virtue of tribal sovereign immunity. We conclude that the case was improperly removed to federal court and, as a result, the district court lacked jurisdiction over the case at the time it entered its order. Accordingly, we vacate the district court's order and remand the case to the district court with instructions to remand the case to state court for further proceedings.

█ The two bases asserted in the notice of removal were insufficient to establish federal question jurisdiction because

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

both were defenses, and thus, under the "well pleaded" complaint rule, irrelevant to the jurisdictional determination. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003); *see also Okla. Tax Comm'n v. Graham,* 489 U.S. 838, 841, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989) (per curiam) ("The possible existence of a tribal immunity defense [does not convert state law] claims into federal questions.").

At oral argument, Appellees switched gears, arguing that 28 U.S.C. § 1330(a) provided sufficient grounds for the district court to assert jurisdiction over the case. We disagree.

 Section 1330(a) vests federal district courts with jurisdiction only over suits "against a foreign state" for any claims as to which the foreign state is not entitled to sovereign immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611. "The plain language of section 1330(a) indicates that only parties within the definition of 'foreign state' are subject to the statute." *Gould v. Aerospatiale Helicopter Corp.,* 40 F.3d 1033, 1034 (9th Cir.1994) (per curiam). Indian tribes, however, are not "foreign nations" or "foreign states," but rather "domestic dependent nations." *See Cherokee Nation v. Ga.,* 30 U.S. 1, 17, 19–20, 5 Pet. 1, 8 L.Ed. 25 (1831); *Krystal Energy Co. v. Navajo Nation,* 357 F.3d 1055, 1058 (9th Cir.2004). Accordingly, because Indian tribes are not "foreign states," § 1330(a) cannot confer jurisdiction in federal court for suits against them. Without a valid basis for removal, the district court lacked jurisdiction.

Following a determination that the district court lacked jurisdiction from the outset, this court has jurisdiction on appeal, "not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (internal quotation marks omitted); *see also Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090–91 (9th Cir. 2003) (per curiam).[1] We therefore vacate the district court's order and remand the case to the district court with instructions to remand Navarro's complaint to California state court. *See Rains v. Criterion Sys. Inc.,* 80 F.3d 339, 347 (9th Cir.1996).

**VACATED and REMANDED.**

---

1. We note that our jurisdictional conclusion that Indian tribes are not "foreign states" within the meaning of the Foreign Sovereign Immunities Act implicitly decides the second of the two issues raised by Navarro on appeal: Whether Congress abrogated the tribal immunity of Indian tribes when it enacted the Foreign Sovereign Immunities Act. We are without jurisdiction, however, to determine Navarro's first claim: Whether there was an express waiver of tribal immunity contained in the casino employee handbook. Accordingly, we express no view on the merits of this claim.