**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENN EAGLEMAN; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ROCKY BOYS CHIPPEWA-CREE TRIBAL BUSINESS COMMITTEE OR COUNCIL, Richard Morsette, Chairman; et al., <br><br> Defendants-Appellees. | No.   15-36003 <br><br> D.C. No. 4:14-cv-00073-BMM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted June 6, 2017
Seattle, Washington

Before:  FERNANDEZ, CALLAHAN, and IKUTA, Circuit Judges.

Appellants Glenn Eagleman, Celesia Eagleman, and Theresa Small

(collectively, the "Eaglemans") appeal the district court's order dismissing their

claims for declaratory and injunctive relief against Appellees Rocky Boys

Chippewa-Cree Tribal Business Committee or Council, et al.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

to determine our own jurisdiction, *United States v. Ruiz*, 536 U.S. 622, 628 (2002), we review the district court's order dismissing a case under Federal Rule of Civil Procedure 12(b) de novo, *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006), and we affirm.

## I.

The Eaglemans seek a declaratory judgment that the tribal court of the Chippewa Cree Tribe (the "Tribe") erred in dismissing its common law claims against a tribal housing authority and two of its employees on the ground of tribal sovereign immunity. Because this Court, like the district court, is a court of limited jurisdiction, *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978), we may only consider the Eaglemans' claims if their complaint pleads allegations that support federal subject matter jurisdiction, *see Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989).

The Eaglemans invoke federal jurisdiction under 28 U.S.C. § 1331, asserting that tribal sovereign immunity is a "federal question."[1] To be sure, tribal sovereign immunity is a matter of federal law, *Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011, 1022–23 (9th Cir. 2016), and questions of the scope of tribal sovereignty are, in certain circumstances, reviewable in federal court, *see*

---

[1] The district court assumed jurisdiction, but held that sovereign immunity precluded the Eaglemans' suit.

2

*Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 852 (1985).

For example, a tribal court's assertion of jurisdiction over a non-tribal-member is a question that is answered "by reference to federal law and is a 'federal question' under § 1331." *Id.* But here, Appellees are not non-tribal-members; they are part of the Chippewa-Cree Tribe. Nor is there any suggestion that the tribal court lacked jurisdiction over the Eaglemans' claims. To the contrary, the Eaglemans both sought and *submitted* to the tribal court's jurisdiction.

The Eaglemans insist that asserting tribal sovereign immunity suffices to invoke federal question jurisdiction. But tribal immunity arises as a defense to suit, meaning it "does not provide an independent basis for federal jurisdiction." *Bodi*, 832 F.3d at 1023 n.16 (citing *Graham*, 489 U.S. at 841); *see also Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1386 (9th Cir. 1988) (noting that tribal sovereign immunity arose there "only by way of defense"). Under the well-pleaded complaint rule, a claim must actually arise under federal law to trigger jurisdiction under § 1331. *See Graham*, 489 U.S. at 840–41. A litigant may not plead his way into federal court by asserting an opposing party's federal defense. *See id.*

Here, tribal sovereign immunity arose as a defense in tribal court, and the allegation that the tribal court erred in applying the defense is not a question "arising under" federal law for purposes of § 1331. *Cf. id.* The Eaglemans' lone

3

affirmative claim—that the tribal appellate court erroneously "put them out of court"—is not a question of federal law, and so cannot supply the requisite federal hook for purposes of § 1331.

The Eaglemans essentially ask the district court to sit as a general appellate body to review the decision of the tribal court. This miscomprehends the relationship between the federal government and Indian tribes. Tribal courts are not vertically aligned under the federal judicial hierarchy. They are institutions within coordinate sovereign entities vested with the power to regulate internal tribal affairs. *See Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 14–15 (1987). Asserting jurisdiction here would effectively expand this court's authority to superintend matters of tribal self-governance. And because we lack general appellate power over the tribal court, we would be unable to afford effective relief to the Eaglemans even if we determined that the tribal court erred.

## II.

Although the district court exceeded its authority in considering the Eaglemans' declaratory judgment action because it lacked jurisdiction to do so, it arrived at the correct result in dismissing the Eaglemans' suit. The judgment of the district court is therefore

**AFFIRMED.**