**In re Donna E. SHALALA, Secretary of Health and Human Services, Petitioner.**

No. 93–2083.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1993.

Decided June 29, 1993.

Jonathan R. Siegel, Washington, DC, argued, for appellant.

James Marshal Smith, Kansas City, MO, argued, for appellee.

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

BEAM, Circuit Judge.

In this dispute over a discovery matter, the district court denied the Secretary of Health and Human Services' motion for a protective order and directed her to produce certain documents by May 7, 1993. In response, the Secretary petitioned this court for a writ of mandamus. We issued a temporary continuance of the production date pending our consideration of the Secretary's

petition. We now vacate our order, deny the petition for writ of mandamus, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The plaintiffs in the underlying action [1] are a class of Missouri Social Security disability applicants who allege that the Secretary, and several state officials, failed to develop and evaluate their disability complaints according to the mandates of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984) (subsequent history omitted). The documents at the heart of the present controversy are part of the plaintiffs' third request for production of documents. Specifically, the Secretary objects to producing certain documents responsive to requests 58, 59, and 60 that she claims are subject to the deliberative process privilege, the attorney-client privilege, or both.[2]

The underlying action has been pending in the district court since May 29, 1990. In an order dated May 20, 1992, the district court scheduled discovery to end on October 31, 1992, and set the case for trial on February 8, 1993. The plaintiffs mailed their third request for production of documents on September 4, 1992, a little less than two months before the end of discovery. The Secretary filed a motion on October 5, 1992, seeking more time to respond. The district court granted the Secretary's motion, permitting her to produce the requested documents by October 19, 1992. The court denied, however, "[a]ny implied request for an enlargement of time to file objections." *Cuffee v. Sullivan,* No. 90–0460–CV–W–5, Order (W.D.Mo. Oct. 14, 1992). The Secretary produced some of the documents responsive to the plaintiffs' third request for production of documents on October 19, 1992, but refused to produce the documents responsive to requests 58, 59, and 60, claiming that these documents were protected by the deliberative process and attorney-client privileges.

On October 21, 1992, the Secretary filed a motion requesting that the district court reconsider its order denying her an extension of time to file objections. The district court denied the motion for reconsideration on November 19, 1992. In the same order, the district court amended its scheduling order, at the request of the Secretary, to extend discovery until March 15, 1993, and set a later trial date. The Secretary again asked the court to reconsider its order denying an extension of time to file objections. The district court reviewed its earlier order, and considered the merits of the Secretary's objections for the first time. On December 15, 1992, the court overruled the Secretary's objections on the merits and ordered the Secretary to produce the requested documents.

The Secretary mailed a supplemental response to the plaintiffs' third document request on January 4, 1993, and produced some of the requested documents. However, the Secretary again produced only those documents that she deemed "not protected by privilege." On February 26, 1993, the plaintiffs moved for an order of contempt under Federal Rule of Civil Procedure 37(b) citing, among other things, the Secretary's failure to produce all of the requested documents pursuant to the court's order. The Secretary responded on March 18, 1993, three days after the end of the extended discovery period, by filing for a protective order to prohibit discovery of those documents subject to the attorney-client or deliberative process privilege. The Secretary appended to her motion a one hundred fifty-four page index identifying the documents that she believed to be privileged, and detailing the nature of each document, the privileges asserted, and the reasons for asserting the privileges.

On April 20, 1993, the district court issued an order refusing to reconsider the Secretary's privilege claims. The court noted that the scheduled discovery period had ended and that the Secretary had filed her motion

---

**1.** *Cuffee v. Shalala,* No. 90–0460–CV–W–5 (W.D.Mo.).

**2.** We note that while the Secretary did not claim the attorney-client privilege with respect to any documents in requests 58 and 59 in her original response, she appears to have broadened her

claim of attorney-client privilege in her petition for writ of mandamus. Our disposition of the Secretary's petition does not require us to discuss the propriety of the Secretary's aggrandized claim.

for a protective order approximately three months after her objections to the document request were overruled. In an effort to prevent further delay, the court ordered the Secretary to produce the disputed documents, except those to which the court had already sustained objections, "immediately." The court subsequently clarified its order, stating that the Secretary must produce the requested documents on or before May 7, 1993. The Secretary then petitioned this court for a writ of mandamus to direct the district court to enter a protective order prohibiting discovery of certain documents. We granted a continuance of the district court's order pending our consideration of the Secretary's petition.

## II. DISCUSSION

■ This case is before us on the Secretary's petition for a writ of mandamus because discovery orders are not otherwise appealable until the district court has entered a final judgment in the underlying lawsuit. Ordinarily, parties must decide whether to obey interlocutory discovery orders or to endure contempt or other sanctions under Federal Rule of Civil Procedure 37(b). Since interlocutory civil contempt orders against parties to an action are not immediately appealable, *Omaha Indem. Co. v. Wining,* 949 F.2d 235, 238 (8th Cir.1991), even if a party endures contempt sanctions, we ordinarily will not review the underlying order until a final judgment has been entered.[3] The Secretary contends, however, that this case is one of those rare exceptions to the rule against interlocutory review of discovery orders which requires immediate appellate review by way of a writ of mandamus.

■ Our discretionary authority to issue writs of mandamus derives from the All Writs Act, 28 U.S.C. § 1651. This Circuit does not lightly authorize mandamus. We will issue a writ of mandamus only where there is a clear abuse of discretion or usurpation of judicial power. *In re Remington Arms Co., Inc.,* 952 F.2d 1029, 1031 (8th Cir.1991). Mandamus is not ordinarily avail-

able to obtain immediate review of discovery orders. *In re Burlington Northern, Inc.,* 679 F.2d 762, 767 (8th Cir.1982).

■ We explained our cautious authorization of mandamus to vacate a district court's order compelling discovery in *Burlington.* "Its use has the unfortunate consequence of making a district court judge a litigant, and it indisputably contributes to piecemeal appellate litigation." *Id.* Furthermore, as we emphasized in *Burlington,* we will not issue the writ unless the "party seeking issuance ha[s] no other adequate means to attain the relief [s]he desires." *Id.* (quoting *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam)).

■ The Secretary notes that despite our sparing use of mandamus, we have issued the writ to review orders compelling the production of allegedly privileged documents in extraordinary situations when disclosure of the documents would "give rise to serious policy considerations which we deem sufficiently compelling to require immediate appellate attention." *Iowa Beef Processors, Inc. v. Bagley,* 601 F.2d 949, 954 (8th Cir.), *cert. denied,* 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979); *Remington Arms,* 952 F.2d at 1031. The Secretary claims that this case presents such an extraordinary situation because: (1) if she is compelled to disclose the materials in question, her claim of privilege would become moot and would never be subject to appellate review; (2) compelled disclosure would have a damaging impact on the deliberations of government agencies; and (3) the district court overruled her objections without affording her an opportunity to brief their merits.

The Secretary asserts that her case is similar to *Remington Arms.* In that case, we issued a writ of mandamus vacating a district court order compelling disclosure of certain documents. The district court in *Remington Arms* had summarily ordered the petitioner to produce documents which allegedly contained trade secrets without provid-

---

**3.** We note that when a civil contempt order becomes appealable, we have jurisdiction to review the propriety of the underlying order which was violated. *See e.g., Petersen v. Douglas County Bank & Trust Co.,* 967 F.2d 1186, 1188 (8th Cir.1992).

ing the petitioner the procedural protections prescribed in Federal Rule of Civil Procedure 26(c) or otherwise allowing the petitioner a meaningful opportunity to demonstrate that the documents contained trade secrets. *Remington Arms,* 952 F.2d at 1032. We noted that ownership rights in trade secrets, long recognized in the case law as property, are extinguished by public disclosure of the secret information. We concluded that the district court had clearly abused its discretion by not allowing the petitioner an opportunity to prove that the documents in question contained trade secrets. Accordingly, we issued the writ.

We do not find the Secretary's analogy to *Remington Arms* persuasive. Unlike the situation in *Remington Arms,* the Secretary's current bind is largely of her own making. The record reveals her failure to communicate in a timely fashion with the court and with the plaintiffs at every turn. At oral argument, the Secretary conceded that she is willing to produce certain of the documents relating to request number 60, and suggested that either we or the district court should conduct an in camera review of the remaining documents to determine which documents are properly subject to the asserted privileges. It is apparent to us that while the Secretary spent three months preparing an index of the documents she claims are privileged, she spent little or no time explaining her objections to the district court or to opposing counsel. Furthermore, although the number of documents that the Secretary claims are privileged appears to be open for negotiation, the parties have made no efforts to reach an equitable resolution without involving the district court in the arduous task of reviewing each document individually.

Although we agree that resolution of the Secretary's attorney-client and deliberative process privilege claims implicates important policy concerns, we conclude that the present posture of this case does not present the requisite extraordinary situation. Accordingly, we deny the petition for writ of mandamus. While her options may be limited at this late date in the present litigation, we find that the Secretary has other avenues to attain the relief she desires. The Secretary's concession at oral argument that she is willing to produce some of the requested documents indicates to us that the parties have some bargaining room. By her own admission, the Secretary's application for a protective order is overly broad.

If the parties are unable to resolve this discovery matter through negotiation and if the Secretary persists in her refusal to produce the requested documents, the district court will have the opportunity to consider the plaintiffs' motion to hold the Secretary in contempt under Rule 37(b). We understand the district court's frustration over the cavalier posture the Secretary has taken in her dealings with the court. This case is made more confusing, however, by the fact that the privilege issues were not considered pursuant to a motion to compel discovery under Rule 37(a). Because of the sequence of events, the district court decided the merits of the Secretary's objections without the benefit of briefs or the Secretary's index.[4] The court should take the opportunity, before considering contempt, to review the Secretary's arguments for privilege in light of the Secretary's index and the parties' briefing of the issues.[5]

Under the unique circumstances of this case, we find that the Secretary's petition for a writ of mandamus is premature. This situation may change if the district court enters a contempt citation against the Secretary. In that event the importance of the issues involved and the extraordinary circumstance of holding a cabinet officer in contempt may compel immediate appellate review.

### III. CONCLUSION

For the reasons discussed above, the petition for writ of mandamus is denied.

---

4. This too is a problem at least partially created by the Secretary's litigation tactics. Instead of waiting for the plaintiffs to move to compel disclosure, the Secretary made repeated motions intended to excuse the untimeliness of her objections. Fatigued by the Secretary's badgering, the district court reviewed the merits of the Secretary's objections. However, the Secretary had not yet briefed their merits.

5. This is not to say that the district court could not properly deny the Secretary's motion for a protective order for being asserted out of time.

**MORRIS SHEPPARD ARNOLD, Circuit Judge, concurring.**

I would dismiss this petition summarily. The secretary's motion below for a protective order was out of time and that should be an end to the matter. The district courts simply must be allowed to manage their own dockets: Otherwise, the costs of litigation, and the attendant public dissatisfaction with the prolixity of our legal system, can only continue to increase. The government's tardiness in this case is, unfortunately, a not atypical example of the kind of behavior that frustrates and embarrasses efficient case management in our trial courts. We ought not to encourage the use of mandamus in circumstances that are not truly extraordinary. I regard the petition in this case as frivolous and itself an abuse of an already overburdened legal process.