In re PRAIRIE ISLAND DAKOTA SIOUX; Freeman Johnson, individually and as Tribal Chairman and supervisory management employee of Treasure Island Casino; Michael Conway, as an individual and as a supervisory employee of Treasure Island Casino; M.A. Dietze, as an individual and as Human Resource Director for the Prairie Island Sioux, and for Treasure Island Casino; Johnny Johnson, as an individual and as Vice Chairman for the Prairie Island Sioux, and for Treasure Island Casino; Edith Pacini, as an individual and as Council Member for the Prairie Island Sioux and

for Treasure Island Casino; Vine Wells, as an individual and as Treasurer for the Prairie Island Sioux, for Treasure Island Casino; Todd Strusz, as an individual and a management employee of Treasure Island Casino, Petitioners.

Christie KREIG; Cheryl Clemens; Leslie Vodinelich; Sue Aparo; Tammy Amacker, Appellees,

v.

PRAIRIE ISLAND DAKOTA SIOUX, doing business as Treasure Island Casino and Bingo; Freeman Johnson, individually and as Tribal Chairman and supervisory management employee of Treasure Island Casino; Michael Conway, as an individual and as a supervisory employee of Treasure Island Casino, Appellants,

Derek Thrum, as an individual and security officer for Treasure Island Casino; Larry Annis, as an individual and supervisor employee for Treasure Island Casino, Defendants,

M.A. Dietze, as an individual and as Human Resource Director for the Prairie Island Sioux, and for Treasure Island Casino; Johnny Johnson, as an individual and as Vice Chairman for the Prairie Island Sioux, and for Treasure Island Casino, Appellants,

Lou Taylor Jacobson, as an individual and as Secretary for the Prairie Island Sioux, and for Treasure Island Casino, Defendant,

Edith Pacini, as an individual and as Council Member for the Prairie Island Sioux, and for Treasure Island Casino; Vine Wells, as an individual and as Treasurer for the Prairie Island Sioux, for Treasure Island Casino; Todd Strusz, as an individual and a management employee of Treasure Island Casino, Appellants.

Nos. 94–1051, 94–1155.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1994.

Decided April 12, 1994.

Lawrence J. Hayes, Jr., Eagan, MN, and David J. Goldstein, Larry Levanthal and William John Hardacker, Minneapolis, MN, for petitioner.

James C. Wicka, Minneapolis, MN, for respondent.

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Petitioners (defendants) are before this court on their simultaneous petition for writ of mandamus and notice of appeal, both stemming from the district court's [1] decision to remand this action to the state court from which it was removed. We dismiss the appeal and deny the petition for writ of mandamus.

Plaintiffs sued defendants, including a recognized Indian tribe and various tribal officers, in state court for alleged violations of Title VII, the Minnesota Human Rights Act, and Minnesota law. Pursuant to 28 U.S.C. § 1441, defendants removed the action to federal court. Realizing that an Indian tribe may not be sued under Title VII, plaintiffs moved to amend their complaint to delete the federal law claims. Defendants filed a motion to dismiss on grounds that the district court had no subject matter jurisdiction because the tribe had not waived its sovereign immunity. After granting the motion to amend the complaint, the district court found that it no longer had federal question jurisdiction. The court elected not to exercise its supplemental jurisdiction, and remanded the case based on 28 U.S.C. § 1367(c) and *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Defendants filed a petition for writ of mandamus and a notice of appeal.

■■■ Normally, a remand order is not reviewable by appeal because it is not a final judgment. *Thermtron Prods., Inc. v. Hermansdorfer,* 423 U.S. 336, 352–53, 96 S.Ct. 584, 594, 46 L.Ed.2d 542 (1976); 28 U.S.C. § 1447(d). Here, the district court's remand order was based on section 1367(c). It, therefore, is not controlled by section 1447(d) and is reviewable through a petition for writ of mandamus. *See Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497, 1500–01 (8th Cir.1992).

■■■ This court will issue a writ of mandamus, pursuant to the All Writs Act, 28 U.S.C. § 1651, when it finds that there is no other adequate means to obtain relief and that the district court's order is a clear abuse of discretion or usurpation of judicial power. *In re Shalala,* 996 F.2d 962, 964 (8th Cir. 1993). The district court correctly exercised its discretion to remand the remaining exclusively state law case after eliminating the federal causes of action. *See Carnegie–Mellon,* 484 U.S. at 350, 108 S.Ct. at 619; 28 U.S.C. § 1367(c).

■■■ Defendants, however, equate sovereign immunity and subject matter jurisdiction and argue that the district court abused its discretion in not first considering whether they were entitled to sovereign immunity. Indian tribes possess the common-law immunity traditionally enjoyed by sovereign powers. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978); *Turner v. United States,* 248 U.S. 354, 358, 39 S.Ct. 109, 110, 63 L.Ed. 291 (1919). In addition, sovereign immunity is jurisdictional in nature. *Federal Deposit Ins. Corp. v. Meyer,* —— U.S. ——, ——, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *Puyallup Tribe, Inc. v. Washington Dep't of Game,* 433 U.S. 165, 172, 97 S.Ct. 2616, 2621, 53 L.Ed.2d 667 (1977). Sovereign immunity, however, is not of the same character as subject matter jurisdiction. *See* 13 Charles A. Wright et al., *Federal Practice and Procedure* § 3524 at 167–70 (1984 & 1993 Supp.). First of all, tribal sovereign immunity may be waived in certain circumstances and is subject to the plenary power of Congress. *See Santa Clara Pueblo,* 436 U.S. at 58–59, 98 S.Ct. at 1677. Lack of subject matter jurisdiction, on the other hand, may not be waived. *Bueford v. Resolution Trust Corp.,* 991 F.2d 481, 485 (8th Cir.1993); Fed. R.Civ.P. 12(h)(3). Second, sovereign immunity operates essentially as a party's possible defense to a cause of action. *Weeks Const., Inc. v. Oglala Sioux Housing Auth.,* 797 F.2d 668, 671–72 (8th Cir.1986). In contrast, subject matter jurisdiction is primary and an

---

1. The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota.

absolute stricture on the court. *Leroy v. Great Western United Corp.,* 443 U.S. 173, 180, 99 S.Ct. 2710, 2714–15, 61 L.Ed.2d 464 (1979). Finally, a waiver of sovereign immunity cannot extend a court's subject matter jurisdiction. *Weeks,* 797 F.2d at 672.

We find, therefore, that sovereign immunity is a jurisdictional consideration separate from subject matter jurisdiction and that the district court did not abuse its discretion in first determining it lacked federal question jurisdiction and then remanding this action. *See Oklahoma Tax Comm'n v. Graham,* 489 U.S. 838, 840–42, 109 S.Ct. 1519, 1521, 103 L.Ed.2d 924 (1989) (per curiam) (reversing lower court after finding lack of subject matter jurisdiction and refusing to reach tribal sovereign immunity issue); *Weeks,* 797 F.2d at 672 (treating sovereign immunity and subject matter jurisdiction as separate inquiries). Accordingly, mandamus will not issue and the appeal is dismissed.