FILED
United States Court of Appeals
Tenth Circuit

October 21, 2014

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LYNN D. BECKER,

     Plaintiff - Appellant,

v.

UTE INDIAN TRIBE OF THE
UINTAH AND OURAY
RESERVATION, a federally chartered
corporation; UTE INDIAN TRIBE OF
THE UINTAH AND OURAY
RESERVATION, a federally
recognized Indian tribe; UTE
ENERGY HOLDING, a Delaware
LLC; UINTAH AND OURAY
TRIBAL BUSINESS COMMITTEE,

     Defendants - Appellees.

No. 13-4172

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:13-CV-00123-B)**

---

David K. Isom of Isom Law Firm PLLC, Salt Lake City, Utah, for Plaintiff-Appellant.

Thomasina Real Bird of Fredericks Peebles & Morgan LLP, Louisville, Colorado, for Defendants-Appellees.

---

Before **BRISCOE,** Chief Judge, **KELLY** and **BACHARACH**, Circuit Judges.

**BRISCOE**, Chief Judge.

_____

Lynn D. Becker appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291 and affirm.

## I

Lynn D. Becker contracted with the Ute Indian Tribe of the Uintah and Ouray Reservation (Tribe) to provide services related to the Tribe's development of its energy and mineral resources. Following a dispute concerning Becker's compensation under the contract, Becker brought breach of contract, breach of covenant of good faith and fair dealing, and accounting claims against the Tribe in the United States District Court for the District of Utah.

All of Becker's claims are state law claims. Nevertheless, Becker's complaint asserted that the district court had federal question jurisdiction under 28 U.S.C. § 1331 because the case raised substantial issues of federal law. Specifically, Becker recited a series of federal issues that he believed would be essential to the resolution of the case, including: (1) whether the contract required approval by the United States Secretary of the Interior under 25 U.S.C. §§ 81 or 2103; (2) whether the contract was a valid "Minerals Agreement" under the Indian Mineral Development Act of 1982, 25 U.S.C. §§ 2101-2108; (3) whether the Tribe could invoke sovereign immunity; and (4) whether the Tribe had agreed

2

to submit to the district court's jurisdiction.

In response, the Tribe moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The district court granted the Tribe's motion to dismiss for lack of subject matter jurisdiction, reasoning that federal question jurisdiction cannot depend solely on federal defenses, and that Becker's complaint did not raise a substantial question of federal law.

## II

"Our review of the district court's dismissal for lack of subject matter jurisdiction is de novo." Full Life Hospice, LLC v. Sebelius, 709 F.3d 1012, 1016 (10th Cir. 2013) (internal quotation marks omitted).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Indeed, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377 (citations omitted). Federal subject matter jurisdiction "cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." Firstenberg v. City of Santa Fe, N.M., 696 F.3d 1018, 1022 (10th Cir. 2012).

3

"Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Gunn, 133 S. Ct. at 1064 (quoting 28 U.S.C. § 1331). "For statutory purposes, a case can 'aris[e] under' federal law in two ways." Id. (alteration in original). "Most directly, a case arises under federal law when federal law creates the cause of action asserted." Id.; see Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) (Holmes, J.) ("A suit arises under the law that creates the cause of action."). "[T]his 'creation' test . . . accounts for the vast bulk of suits that arise under federal law." Gunn, 133 S. Ct. at 1064.

"But even where a claim finds its origins in state rather than federal law—as [Becker's claims] indisputably do[]—[the Supreme Court] ha[s] identified a 'special and small category' of cases in which arising under jurisdiction still lies." Id. (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)); see Aplt. Br. at 9-10 (Becker conceding that state law creates his causes of action). To invoke this so-called "substantial question" branch of federal question jurisdiction, a plaintiff must show that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn, 133 S. Ct. at 1065.

The narrow boundaries of the substantial question category are marked by a few important principles. For example, the recognition of substantial question

jurisdiction does not "disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 813 (1986). Nor can federal question jurisdiction depend solely on "a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987); see Gilmore v. Weatherford, 694 F.3d 1160, 1173 (10th Cir. 2012) ("To determine whether an issue is 'necessarily' raised, the Supreme Court has focused on whether the issue is an 'essential element' of a plaintiff's claim." (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 315 (2005))); id. ("A case might fail for any number of reasons, but jurisdiction 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914))). Finally, if a claim does not present "a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases," but rather is "fact-bound and situation-specific," then federal question jurisdiction will generally be inappropriate. Empire Healthchoice Assurance, Inc., 547 U.S. at 700-01 (internal quotation marks omitted).

5

Here, Becker's federal issues are merely federal defenses, which do not give rise to federal question jurisdiction under 28 U.S.C. § 1331.[1] Beginning with Becker's assertion that the Tribe will invoke sovereign immunity, Aplt. Br. at 13, the Supreme Court has singled out tribal sovereign immunity as a type of federal defense that "does not convert a suit otherwise arising under state law into one which, in the [§ 1331] sense, arises under federal law," Okla. Tax Comm'n v. Graham, 489 U.S. 838, 841 (1989) (citing Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936)). This is because "the underlying right or obligation arises only under state law and federal law is merely alleged as a barrier to its effectuation," State of Okla. ex rel. Okla. Tax Comm'n v. Wyandotte Tribe of Okla., 919 F.2d 1449, 1451 (10th Cir. 1990) (quoting Oneida Indian Nation of N.Y. State v. Oneida Cnty., N.Y., 414 U.S. 661, 675 (1974)), which, "[u]nder Graham, . . . does not convert this to a case arising under federal law." Id.

Becker's other federal issues—whether the contract required approval by the United States Secretary of the Interior under 25 U.S.C. §§ 81 or 2103, and whether the contract was a valid "Minerals Agreement" under the Indian Mineral Development Act of 1982—suffer from the same flaw. Those questions may turn out to be "barrier[s] to [the contract's] effectuation," Oneida Indian Nation of

---

[1] Becker also argues that the Tribe agreed to submit to the district court's jurisdiction. Aplt. Br. at 15. Even if true, such an agreement is beside the point, because federal subject matter jurisdiction cannot be created by agreement or consent of the parties. Firstenberg, 696 F.3d at 1022.

N.Y. State, 414 U.S. at 675, but that is not a sufficient basis from which to conclude that the questions are "necessarily raised." Gunn, 133 S. Ct. at 1065.[2] See, e.g., Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 753 (2d Cir. 1996) ("[L]ike other courts to consider the question, we reject the proposition that statutory requirements governing federal approval of certain contracts between Indians and non-Indians give rise to a federal common law governing such contracts."). As Justice Cardozo put it, "[b]y unimpeachable authority, a suit brought upon . . . state [law] does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." Gully, 299 U.S. at 116; see also Oneida Indian Nation of N.Y. State, 414 U.S. at 675-76 ("[In Gully], the suit was on a contract having its genesis in state law, and the tax that the defendant had promised to pay was imposed by a state statute. The possibility that a federal statute might bar its collection was insufficient to make the case one arising under the laws of the United States.").

---

[2] It is this point that distinguishes Becker's case from those on which he relies. See, e.g., Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 851 (1985) (finding federal question jurisdiction in a suit asserting "a right to be protected against an unlawful exercise of Tribal Court judicial power"); Tenneco Oil Co. v. Sac and Fox Tribe of Indians of Okla., 725 F.2d 572, 575 (10th Cir. 1984) (finding federal question jurisdiction in a suit challenging "the validity of an exercise of tribal power" in cancelling plaintiff's lease). Becker's complaint does not assert that the Tribe has wronged him through an illegitimate exercise of tribal power. Rather, Becker's complaint asserts that the Tribe violated the terms of a contract, and that Utah law gives him the right to relief for that violation. In short, "the right to be established is one created by the state." Gully, 299 U.S. at 116.

7

Therefore, we conclude that the district court properly granted the Tribe's motion to dismiss for lack of subject matter jurisdiction, and AFFIRM.