FILED
United States Court of Appeals
Tenth Circuit

February 3, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOSE M. BEJAR,

      Plaintiff - Appellant,

v.

ROBERT A. McDONALD, Secretary of
United States Department of Veterans
Affairs,

      Defendant - Appellee.

No. 14-3154
(D.C. No. 2:13-CV-02222-DDC-GLR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **McHUGH**, Circuit Judges.

Dr. Jose M. Bejar brought this employment discrimination complaint under

Title VII of the Civil Rights of Act 1964, 42 U.S.C. §§ 2000e - 2000e-17, alleging

that the United States Department of Veterans Affairs ("VA") had unlawfully

discriminated and retaliated against him. The district court dismissed his first

amended complaint, finding that it lacked subject matter jurisdiction over his claims

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

because he had failed to exhaust his administrative remedies. It further found that, even if he had exhausted his administrative remedies as to certain claims, the complaint failed to state a claim on which relief could be granted. Dr. Bejar appeals from the judgment of dismissal. We affirm.

## BACKGROUND

The VA hired Dr. Bejar as a neurologist in 1988. On July 5, 2011, he filed an EEOC charge alleging that the VA had discriminated against him based on his Hispanic race and his Ecuadorian national origin, and had retaliated against him for his prior EEO activity.[1] The alleged discriminatory and retaliatory actions occurred in May and June 2011, and involved assigning him extra work, harassing him, and attempting to frame him for misconduct with female patients.

After the EEOC issued him a right-to-sue letter, Dr. Bejar filed this action. In his initial, pro se complaint, he alleged that he was the "victim of a well organized conspiracy," R. at 13, in which the management of the Topeka VA hospital conspired with nurses and clerks at the hospital to frame him for sexual misconduct charges involving a female patient he identified as "W7589" (also referred to as "AW"), and four other female patients. *Id.* at 10, 12.

---

[1] Dr. Bejar has alleged a long history of discrimination and retaliation complaints involving his employment with the VA. In 1996, he filed two EEOC complaints alleging discrimination and retaliation. The VA settled these complaints in 1999 by reinstating Dr. Bejar's physician privileges and by paying him damages. Between 2007 and 2010, Dr. Bejar filed at least five additional EEOC complaints against the VA.

The VA moved to dismiss the complaint. Before the district court ruled on the motion, Dr. Bejar filed a counseled motion seeking leave to amend his complaint. The district court denied the pending motion to dismiss as moot and granted the motion to amend. Counsel then filed a first amended complaint for Dr. Bejar, which constitutes the operative complaint in this case.

In the first amended complaint, Dr. Bejar alleged that it was the VA's ordinary policy and procedure at its primary care unit to assign male patients to male doctors and female patients to female doctors. A female neurologist was available at the hospital where Dr. Bejar worked to treat female patients. But in contravention of the VA's own policy, his immediate supervisor directly assigned female patients, many of whom were "severely psychiatrically disturbed," *id.* at 106, to be treated by Dr. Bejar. These assignments allegedly were made in an effort to elicit a misconduct complaint against Dr. Bejar. Dr. Bejar alleged that his requests that the female patients be reassigned to the female neurologist, or that a nurse be present during his examination of the female patients, were ignored.

The complaint did not specifically mention patient AW, whose allegations against Mr. Bejar were described in his pro se complaint. Instead, it further alleged, upon information and belief, that in September 2011 patient "MH" had reported to the VA that Dr. Bejar had touched her inappropriately during an examination. Dr. Bejar characterized this complaint as "incredible" and stated he could not have engaged in the alleged misconduct. *Id.* at 108. He further asserted that the VA failed

to investigate the matter before suspending his privileges as a physician on October 3, 2011. In his claims for relief Dr. Bejar asserted that the VA had discriminated and retaliated against him by (1) persuading MH to file a false complaint against him; (2) encouraging MH to file a complaint without investigating the legitimacy of the complaint; and (3) assigning MH, a psychiatrically disturbed female patient, to him in contravention of the VA's ordinary policy and procedures.

The VA moved to dismiss the amended complaint for, among other reasons, failing to allege an adverse employment action. In response, Dr. Bejar argued that he had alleged an adverse employment action because the VA had suspended his clinical privileges and eventually terminated his employment. In view of this assertion, the district court requested briefing concerning whether Dr. Bejar's allegations about suspension and termination had been administratively exhausted. Dr. Bejar subsequently admitted that these allegations were unexhausted.

The district court then dismissed all of Dr. Bejar's claims for lack of jurisdiction. As noted, he had admitted that he had failed to exhaust his claims involving suspension and termination. As to his other claims involving patient MH, he alleged that she complained to the VA on September 30, 2011. But Dr. Bejar's EEOC charge was filed on July 5, 2011, before patient MH made her complaint and before the VA took any action against him based on that complaint. Accordingly, the remaining claims in his first amended complaint, which related to MH's allegedly false allegations, were also unexhausted.

- 4 -

Alternatively, the district court dismissed the first amended complaint on the merits.  It found that Dr. Bejar had failed to allege an adverse employment action, which was a necessary element of both his discrimination and retaliation claims.  He did not plead facts showing that the VA's alleged attempt to "frame" him for unprofessional conduct itself constituted a significant change in his employment status, and he admitted that he had not exhausted his claims concerning the alleged results of being "framed":  his suspension and termination.

**DISCUSSION**

We review the district court's dismissal for lack of jurisdiction de novo. *Becker v. Ute Indian Tribe*, 770 F.3d 944, 946 (10th Cir. 2014).  "Federal courts lack jurisdiction to review Title VII claims that are not part of a timely-filed EEOC charge." *McDonald-Cuba v. Santa Fe Prot. Servs., Inc.*, 644 F.3d 1096, 1101 (10th Cir. 2011) (internal quotation marks omitted); *see also Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007) (describing jurisdictional nature of exhaustion requirement).  "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Jones*, 502 F.3d at 1186 (alteration and internal quotation marks omitted).  "We review de novo the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).

- 5 -

In his briefing to us, Dr. Bejar asserts that the inclusion of claims involving his suspension, termination, or MH's false complaint against him in his first amended complaint was the result of "involuntary mistakes" made by his attorney, for which he should not be penalized. Aplt. Opening Br. at 3. He urges us to return to his original pro se complaint involving "harassment by female patient AW," which he asserts does contain properly exhausted claims that have merit. *Id.*

But we cannot do so. A litigant is bound by his attorney's actions. *Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002) ("Those who act through agents are customarily bound by their agents' mistakes. It is no different when the agent is an attorney."). The first amended complaint, filed by Dr. Bejar's attorney, is the operative complaint in this action. We may not rescue Dr. Bejar from its purported deficiencies by resorting to different allegations in a prior, superseded complaint. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." (internal quotation marks omitted)). Because Dr. Bejar failed to show that he exhausted his administrative remedies concerning the claims raised in his first amended complaint, which was the operative complaint in this case, we conclude that the district court properly dismissed the complaint and this action for lack of subject-matter jurisdiction.

In addition, even if the first amended complaint could be construed to include allegations about patient AW that were presented in Dr. Bejar's prior pro se

complaint, we would affirm the district court's conclusion that the first amended complaint failed to state a claim. In Dr. Bejar's EEOC charge, he asserted that "[o]n May 9 2011 a female patient was being used by Agency employees to 'frame him up' for unprofessional conduct in an attempt to have him fired." If these allegations and the general allegations involving unidentified female patients in Dr. Bejar's first amended complaint are read to refer to patient AW, Dr. Bejar may have exhausted at least a portion of his claims involving patient AW. But these limited allegations involving patient AW, even if exhausted, fail to state a claim.

Dr. Bejar's allegations that patient AW was improperly assigned to him, that she was psychologically disturbed, that the VA refused to transfer her to a female neurologist, and that the VA refused to require that a nurse be present when he examined her, are by themselves insufficient to show that he suffered an adverse employment action that would give rise either to a viable claim for discrimination or for retaliation. First, there is no allegation in the first amended complaint that patient AW filed a complaint against Dr. Bejar. Second, "[a]n adverse employment action includes acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Dick v. Phone Directories Co.,* 397 F.3d 1256, 1268 (10th Cir. 2005) (internal quotation marks omitted). Although "an adverse employment action is not limited to such acts . . . we will not consider a mere inconvenience or an alteration of job responsibilities to be an adverse employment action." *Id.* No such

allegation of an adverse employment action is made concerning patient AW in the first amended complaint. As a result, even if we generously construe the allegations of the first amended complaint to involve AW, they fail to state a claim.

## CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge