FILED
United States Court of Appeals
Tenth Circuit

June 17, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

EUGENE WIDEMAN, JR.,

Plaintiff - Appellant,

v.

DR. WILLIAM WATSON; THE MAPLE
LEAF ORTHOPAEDIC CLINIC,

Defendants - Appellees.

No. 14-1483
(D.C. No. 1:14-CV-02488-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

The district court, acting *sua sponte*, dismissed an amended complaint

(Complaint) filed by Eugene Wideman, Jr., for lack of subject-matter jurisdiction.

The dismissal was without prejudice. Nevertheless, Wideman appeals from it.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Because his Complaint does not fairly allege a legally sufficient federal connection, we affirm.[1]

Wideman claims to have suffered an injury while working as a federal employee, for which he received compensation under the Federal Employees Compensation Act (FECA), 5 U.S.C. §§ 8101-8152. According to his Complaint, Dr. William Watson and The Maple Leaf Orthopaedic Clinic were negligent in treating his work-related injury, causing him to suffer additional physical injuries and other damages. It further alleges Watson ultimately refused to provide further treatment because Wideman was "difficult to treat" and "an un-treatable patient." R. at 4, 5. Moreover, Wideman says, Watson also failed to identify another doctor for Wideman and withheld his medical records, which prevented him from receiving needed medical care and medication from another provider.

Those acts, Wideman claims, violated his First Amendment right to free speech, his property rights under the Fourth Amendment, and his right under 5 U.S.C. § 8101 to receive comprehensive, continuous, and competent medical care. He admits to having received medical care for the injuries purportedly caused by Watson under FECA, but has not been compensated for the related pain and suffering. His prayer for relief seeks access to his medical records and $2 million in damages.

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. *Becker v. Ute Indian Tribe of the Uintah & Ouray*

---

[1]	This court's jurisdiction derives from 28 U.S.C. § 1291.

*Reservation*, 770 F.3d 944, 946 (10th Cir. 2014). Wideman must demonstrate how his claims fall within the limited scope of federal jurisdiction. *Id.* at 947. The basis for federal jurisdiction must appear on the face of his well-pleaded complaint. *See Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012). Wideman's assertion of federal subject-matter jurisdiction comes from two federal statutes, 42 U.S.C. § 1983 and 5 U.S.C. § 8101.[2]

Under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023.

Wideman's Complaint asserts a claim under 42 U.S.C. § 1983 for violation of his rights under the First and Fourth Amendments.[3] These allegations would ordinarily be sufficient to establish federal subject-matter jurisdiction. *See Kitchen v. Herbert*, 755 F.3d 1193, 1208 n.3 (10th Cir.), *cert. denied*, 135 S. Ct. 265 (2014). But "jurisdiction under § 1331 exists only where there is a 'colorable' claim arising

---

[2]     We treat Wideman's reference to "42 U.S.C. § 8101" as an attempt to cite 5 U.S.C. § 8101, a provision of FECA.

[3]     Ordinarily, we liberally construe a pro se party's complaint. *See Firstenberg*, 696 F.3d at 1024. We assume, without deciding, the same liberal-construction principles apply to this jurisdictional inquiry. *See id.*

under federal law." *McKenzie v. USCIS*, 761 F.3d 1149, 1156 (10th Cir. 2014),

*cert. denied*, 135 S. Ct. 970 (2015). "A claim can be meritless while still being

colorable, but a court may dismiss for lack of subject-matter jurisdiction when the

claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme

Court], or otherwise completely devoid of merit as not to involve a federal

controversy[.]" *Id.* (citation and internal quotation marks omitted).[4]

"A § 1983 claim requires a plaintiff to show both the existence of a

federally-protected right and the deprivation of that right by a person acting under

color of state law." *Wittner v. Banner Health*, 720 F.3d 770, 773 (10th Cir. 2013)

(citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982)). Indeed, courts

cannot enforce a federal constitutional right as against a private actor. *See Hill v.

Kemp*, 478 F.3d 1236, 1256 (10th Cir. 2007). Here, Wideman's Complaint does not

allege defendants are state actors or were otherwise acting under color of state law.

Nothing in the Complaint indicates either defendant is anything other than a private

medical provider. Absent an allegation of action under color of state law, Wideman's

§ 1983 cause of action is "*so patently without merit* as to justify the court's dismissal

---

[4]     We disagree with the district court's reasoning in holding that the court lacked
subject-matter jurisdiction over Wideman's Complaint because it failed to state a
claim upon which relief can be granted. *See Bell v. Hood*, 327 U.S. 678, 682 (1946)
("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail
to state a cause of action on which petitioners could actually recover. For it is well
settled that the failure to state a proper cause of action calls for a judgment on the
merits and not for a dismissal for want of jurisdiction.").

for want of jurisdiction." *McKenzie*, 761 F.3d at 1156 (internal quotation mark omitted).

Moreover, even if we liberally construe the Complaint as attempting to allege a constitutional-violation claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), that claim is also subject to dismissal for lack of federal subject-matter jurisdiction. Such a claim is patently meritless because Wideman does not allege any facts indicating either of the defendants is a federal officer or was acting "*under color of federal law or authority*," as required for a *Bivens* action. *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

Wideman's Complaint also cites FECA as a basis for federal subject-matter jurisdiction. FECA defines the United States' exclusive liability for claims by federal employees for work-related injuries. *See* 5 U.S.C. §§ 8102(a), 8116(c); *see also Farley v. United States*, 162 F.3d 613, 615 (10th Cir. 1998). Wideman asserts he has a cause of action against defendants under § 8101. But that section defines the terms used in the statute; it does not provide for a cause of action in federal court. *See* 5 U.S.C. § 8101. Rather, injured federal employees seeking compensation *from the United States* must file a written claim with the Secretary of Labor, as provided in 5 U.S.C. § 8121. And compensation under FECA is paid solely from the United States' Treasury. *See id.* § 8147 (providing for payment of compensation under FECA from the Employees' Compensation Fund). Within these parameters, FECA

indisputably does not create a federal cause of action for an injured federal employee against a private medical provider. Thus, the claim purportedly asserted under § 8101 "does not present a colorable claim arising under federal law." *McKenzie*, 761 F.3d at 1157 (holding complaint failed to present a colorable federal claim where federal regulation did not create a private cause of action).

In the absence of a cause of action created by federal law, Wideman can establish federal subject-matter jurisdiction only if his state-law claims present a substantial question of federal law. *See Becker*, 770 F.3d at 947. He "must show that a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (internal quotation marks omitted). This narrow branch of federal-question jurisdiction requires more than "the mere presence of a federal issue in a state cause of action." *Id.*

Wideman's Complaint alleges defendants were negligent in treating his work-related injury.[5] To bring a state-law medical malpractice claim he must show "(1) the plaintiff suffered injuries, losses, and damages; (2) the defendant was negligent; and (3) the defendant's negligence caused the plaintiff's injuries, damages, and losses." *Hartmann v. Nordin*, 147 P.3d 43, 51-52 (Colo. 2006). Wideman further asserts he is entitled under § 8101 of FECA "to medical care that will bring [him] back to a state [of] health as close as possible to what [he] enjoyed prior to

---

[5] According to the Complaint, all parties are Colorado residents.

- 6 -

[his] accident." R. at 4. And he claims § 8101 entitles him "to [whatever] medical devi[c]es and medication [he] need[s]." *Id.* at 5. According to Wideman, Watson's treatment failed to meet the federal statutory standards he alleges.

These allegations are not sufficient to invoke federal-question jurisdiction. The first two considerations are met: a federal issue is necessarily raised—whether FECA requires physicians treating federal employees for work-related injuries to meet the standard of care Wideman alleges—and we assume defendants would dispute that issue. *See Gilmore v. Weatherford*, 694 F.3d 1160, 1173 (10th Cir. 2012). But the federal issue does not appear to be "substantial," and even if it were, federal jurisdiction would disrupt the federal-state balance approved by Congress. *See id.* at 1173-76.

We assess different factors in determining whether a federal issue is "substantial." *See id.* Here, the private nature of the dispute and the lack of a direct interest by the United States weigh against finding a substantial federal question. *See id.* at 1174-75. In addition, a federal standard of care is not an essential element of Wideman's state-law negligence claim. *See id.* at 1175 (noting in that case plaintiffs could succeed on their state-law claim only if defendants failed to meet federal requirements). But even if the federal question Wideman raises were substantial, "[a] general rule of exercising federal jurisdiction over state claims resting on federal . . . statutory violations would . . . herald[] a potentially enormous shift of traditionally state cases into federal courts." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g &*

*Mfg.*, 545 U.S. 308, 319 (2005).  Thus, in the absence of a federal cause of action, the type of federal issue raised in Wideman's Complaint does not provide a basis for federal court jurisdiction.  *See id.* at 318-19.  The district court did not err in dismissing Wideman's Complaint for lack of federal subject-matter jurisdiction.

Affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge