FILED
United States Court of Appeals
Tenth Circuit

December 13, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT ALAN MADDEN,

     Plaintiff - Appellant,

v.

BOB USRY PLUMBING,

     Defendant - Appellee.

No. 16-6263
(D.C. No. 5:16-CV-00524-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**<sup>*</sup>
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

     Robert Madden appeals from a district court order dismissing his complaint for lack of subject matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

     Madden filed a pro se prisoner complaint against Bob Usry Plumbing ("Usry"), alleging non-payment of wages. He checked boxes on the complaint form indicating jurisdiction under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named

---

    <sup>*</sup> After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The district court granted Usry's Fed. R. Civ. P. 12(b)(1) motion to dismiss. Madden timely appealed.

We review de novo a district court's dismissal of a complaint for lack of subject matter jurisdiction. Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation, 770 F.3d 944, 946 (10th Cir. 2014). Ordinarily, claims asserted under § 1983 or Bivens would qualify for federal question jurisdiction under 28 U.S.C. § 1331. See Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (action arises under federal law if "federal law creates the cause of action"). However, "jurisdiction under § 1331 exists only where there is a colorable claim arising under federal law." McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir., 761 F.3d 1149, 1156 (10th Cir. 2014) (quotation omitted). "A claim can be meritless while still being colorable, but a court may dismiss for lack of subject-matter jurisdiction when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Id. (citation and quotation omitted).

Section 1983 provides a cause of action for the violation of a federal right by a defendant acting under color of state law. Pierce v. Gilchrist, 359 F.3d 1279, 1285 (10th Cir. 2004). A Bivens claim is analogous to a § 1983 claim, but may be pursued against federal officials. See Peoples v. CCA Det. Ctrs., 422 F.3d 1090, 1096-97 (10th Cir. 2005). Madden's complaint does not provide any basis to conclude that Usry acted under color of state or federal law, nor does it suggest Madden's federal rights were violated. We agree with the district court that Madden's claims are so

2

insubstantial that they do not confer federal question jurisdiction.  See McKenzie, 761 F.3d at 1156-57.

AFFIRMED.  We **GRANT** Madden's motion to proceed in forma pauperis, and remind him of his obligation to continue making partial payments until the fees are paid in full.  See 28 U.S.C. § 1915(b).

Entered for the Court

Carlos F. Lucero
Circuit Judge