**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RAY WILBER PAYN,

      Plaintiff - Appellant,

v.

GERALD E. KELLEY, individually and in his professional capacity a/k/a Notary Public #02013865 d/b/a OBA #4923 Oklahoma Estate Tax Return Preparer for Wilbur Noel Payn and Trustee of the Kelley & Kelley P.C. Profit Sharing Trust, Oklahoma Professional Corporation; GERALD E. KELLEY, LLC, Domestic Limited Liability Company; JAMES P. KELLEY, Trustee of the Kelley & Kelley P.C. Profit Sharing Trust, Oklahoma Professional Corporation; KELLEY & KELLEY PC; KELLEY KELLEY & GREGORY, Oklahoma Professional Corporation; RICHARD C. LABARTHE, individually and in his professional capacities d/b/a as Richard C Labarthe, Attorney, Richard C Labarthe Law Offices PC, Eastwood Development Corp., Eastwood Development Co. LTD, and Eastwood Development Corporation; RICHARD L. ANDEEL, individually; ANDEEL PC, professional capacities Oklahoma; EDWIN JENNINGS SHAPARD, Deceased; WILLIAM SHAPARD; STANDLEY MALASKE; SANDRA GALES SHAPARD, individually widow rights of survivorship of Estate of Edwin (Eddie) Shapard d/b/a OBA #8119 and in her professional capacity as Secretary/Treasurer and Sandra Shapard Successor of Eastwood

No. 17-6011
(D.C. No. 5:15-CV-01089-D)
(W.D. Okla.)

Development Corporation; PIONEER PIES, Oklahoma (Mocked) Corporations d/b/a Rainbow Consulting; PAULA ENIX, Individually and in her professional capacities as Notary Public #01007338, Branch Manager, Arvest Bank, Midwest City, Oklahoma a/k/a Paula K Enix; MARILYN KAY PAYN RAMSEY, Vice President and individually and in her Professional Capacities as Personal Representative of the Estate of Wilbur Payn; Eastgate Co. of Okla., Inc., an Okla. Corp.; Vice President, Board Member, Stockholder of Eastwood Development Corporation; Eastwood Development Corp.; EDC; Rainbow Consulting; a/k/a Marilyn K Ramsey; a/k/a Marilyn Ramsey; JAMES LEE RAMSEY, individually, professional capacities, and Joint Tenants and Not as Tenants in Common With the Right of Survivorship; PAULA K. PAYN, Joint Tenancy Warranty Deed; JOE LEROY PAYN, a/k/a Joe L Payn, a/k/a Joe Payne, d/b/a Joe Payne Construction Inc., d/b/a Payn Construction; Payn Construction; JANICE A DOERGE; SMOKEY MCKINNEY;

Defendants - Appellees,

and

EASTWOOD DEVELOPMENT CORP.; WILBUR PAYN MANAGEMENT CO. INC.; EASTGATE COMPANY OF OKLAHOMA,

Defendants.

2

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Ray Wilbur Payn, appearing pro se, appeals the district court's order dismissing his amended complaint against eighty defendants for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Payn filed a complaint alleging, generally, embezzlement, business fraud and theft by the defendants, who include members of his family, attorneys, accountants, trustees, and other persons having a connection to a Payn Family Trust.[1] His complaint made conclusory, disjointed allegations that the defendants created fraudulent and forged documents and bank borrowing resolutions, took over his businesses and assets, and fraudulently transferred bank funds. Payn claimed defendants violated several Oklahoma state fraud statues; federal criminal statutes;

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because the identity of the defendants does not affect the legal analysis, we do not specifically identify them.

the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968; and the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 (Patriot Act), Pub. L. No. 107-56, 115 Stat. 272 (2001). Payn made little or no attempt to articulate his factual allegations with any particularity or to link the defendants to his asserted legal claims with any specificity.

The district court dismissed that complaint without prejudice under Rule 12(b)(1), finding no viable source of federal jurisdiction. As Payn did not assert diversity jurisdiction, it construed the complaint as seeking jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction). It ruled that Payn failed to plead any plausible, colorable claim under those provisions of the RICO Act or the Patriot Act that do allow for a private right of action. It explained that the federal criminal statutes Payn relied upon did not provide for a private right of action, and that it could not exercise supplemental jurisdiction over Payn's state-law claims because he failed to establish any federal jurisdiction.

Payn then filed an amended complaint that recited the same allegations and the same RICO, Patriot Act, and federal criminal claims and state fraud claims as alleged in his original complaint, but additionally claimed that the defendants conspired against him in violation of the Fourteenth Amendment and 42 U.S.C. § 1985. Payn alleged the defendants, collectively, confiscated unspecified assets under the premise of being family, friends, and fiduciaries, made him responsible for liabilities, and forged his name on documents to fit their schemes. He also alleged that one of the

4

defendants deliberately hit him with his car, and that he suspected some of the defendants may have tried to break into his home or harassed him with telemarketing calls. He sought damages and injunctive relief. But Payne did not allege that any of the defendants acted under color of state law.

The defendants filed separate motions to dismiss under Rule 12(b)(1), which the district court granted.[2] It ruled Payn failed to remedy any of the jurisdictional defects in his reasserted claims. As to the new Fourteenth Amendment claim, the court ruled that individual litigants do not have a cause of action against non-state actors directly under the Fourteenth Amendment. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982) ("[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities."). It further ruled that § 1985(1) by its terms only applies to conspiracies to interfere with the performance of duties by federal officers, *id*., which Payn hadn't alleged, nor had he alleged the defendants acted with any racial, or protected-class-based invidious discriminatory animus, which is required to state a claim under §§ 1985(2) and (3), *see Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015), *cert. denied*, 137 S. Ct. 197 (2016). Payn appeals.

---

[2] The district court initially dismissed the amended complaint without prejudice when Payn failed to respond to any of the motions. Payn moved to alter or amend the judgment, which the court granted, and, after consideration of Payn's response to the dismissal motions, dismissed his amended complaint on the merits.

II.

We review the district court's dismissal of Payn's complaint for lack of subject matter jurisdiction de novo. *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Id*. at 947. As defendants asserted a facial attack of the sufficiency of Payn's complaints, we take as true all well-pled factual allegations. *Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (explaining that "well-pled" allegations are "plausible, non-conclusory, and non-speculative"). Mere conclusory allegations of jurisdiction are not enough. *Peterson*, 707 F.3d at 1206.

Although claims asserted under the RICO Act, the Patriot Act and § 1985 ordinarily qualify for federal question jurisdiction under § 1331, "jurisdiction under § 1331 exists only where there is a colorable claim arising under federal law." *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir*., 761 F.3d 1149, 1156 (10th Cir. 2014) (internal quotation marks omitted). "[A] court may dismiss for lack of subject-matter jurisdiction when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Id*. at 1156-57 (citations and quotation omitted). That is the case here.

On appeal, Payn generally asserts the district court erred in dismissing his claims, but he does not articulate any meritorious arguments as to why he believes

the district court's jurisdictional rulings were in error.  He argues the district court erred in ruling the RICO and Patriot Acts do not apply to private citizens who commit fraud.  This misstates the district court's rulings.  The district court correctly recognized that these statutes permit private actions in very limited circumstances, but ruled that Payn had made only general, vague allegations that the eighty defendants violated these laws, without asserting any of the predicate elements of a potential private action with any degree of specificity or particularity and without linking any defendant to any particular action.[3]  We agree that Payn's pleadings were insufficient to confer federal jurisdiction.

Payn asserts new legal theories and claims on appeal that were never raised before the district court, generally referring to the Bill of Rights, the Fifth Amendment, the Declaration of Independence, and the Sarbanes-Oxley Act.  As Payn did not raise these claims before the district court, he has waived them on appeal.

---

[3] To assert a civil private RICO claim, a plaintiff must allege with particularity "(1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity," which "is defined . . . as any act which is indictable under federal law." *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006) (internal quotation marks omitted).  Payn's complaint contained little more than a citation to the RICO Act, untethered to his limited factual allegations, which were general, vague, and conclusory.  The only Patriot Act allegation Payn references on appeal is an assertion that one of the defendants violated the Patriot Act by allowing another defendant to open bank accounts under his and Payn's names through forgery.  Payn does not explain why he believes this is a basis for asserting a private right action against all of the defendants under the Patriot Act.  There is a provision of the Patriot Act that permits individuals to bring suit against the United States, 18 U.S.C. § 2712(a) (for making unauthorized disclosures of information), but Payn is not suing the United States.

*See Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) (stating that we have no duty to consider waived arguments supporting subject-matter jurisdiction).

We have reviewed Payn's brief and his complaints liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.") (alteration and internal quotation marks omitted)). We nonetheless agree with the district court that Payn's amended complaint does not provide any plausible basis to conclude the alleged actions by defendants violated any of the federal rights cited by Payn, and that his claims are so implausible and insubstantial that they do not confer federal question jurisdiction. *See McKenzie*, 761 F.3d at 1156-57.

The judgment is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

8