**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

BENJAMIN VELAYO,

    Plaintiff - Appellant,

v.

CHERYL FOX; KIMBERLY GRANT,

    Defendants - Appellees.

No. 20-3143
(D.C. No. 2:20-CV-02279-KHV-JPO)
(D. Kan.)

———————————————————

**ORDER AND JUDGMENT**[*]
———————————————————

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
———————————————————

    Benjamin Velayo, appearing pro se, appeals the district court's dismissal

without prejudice of his complaint for lack of subject matter jurisdiction. Finding no

error and exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

    Plaintiff-Appellant Benjamin Velayo filed a complaint against Defendants-

Appellees Cheryl Fox and Kimberly Grant, alleging they violated his privacy rights.

In his complaint, Velayo checked the box to assert subject matter jurisdiction under

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

28 U.S.C. § 1343, which vests original jurisdiction in the district courts over civil rights violations. However, because Velayo did not mention any federally protected civil rights that were violated by the defendants, he was ordered to show cause as to why his case should not be dismissed for lack of jurisdiction. Velayo responded to the order with additional factual allegations but again failed to identify a federal issue. Accordingly, the district court found no viable source of federal jurisdiction and dismissed his complaint without prejudice. Velayo timely appeals that dismissal.

We review de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction. *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014). It is the plaintiff's burden to establish subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). When the plaintiff is proceeding pro se, as Velayo is, this court construes his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

On appeal, Velayo asserts that the district court erred in dismissing his claims, but he does not put forth a legal argument to explain why the district court should have found it had jurisdiction. He does, however, contend the district court erred in considering events that took place at his old address, instead of his new address, which is where the facts alleged in his complaint occurred. Aplt. Br. at 4. This misstates the district court's judgment. The district court never made findings about

2

the events included in his allegations. It held only that Velayo's allegations were insufficient to demonstrate subject matter jurisdiction. ROA at 22.

While Velayo's filings are dense with facts, they do not mention which civil rights defendants allegedly violated or any applicable federal law. Thus, even under the liberal construction afforded to his action, we must agree with the district court that Velayo's complaint does not provide any plausible basis to conclude the defendants' actions violated a federal right and that, therefore, Velayo has not established subject matter jurisdiction.

We also deny Velayo's motion to proceed *in forma pauperis*. To proceed *in forma pauperis*, litigants must show a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Since Velayo does not present any legal basis to support his claim against the defendants or to contest the lower court's dismissal order, his appeal is frivolous.

## II

For the foregoing reasons, we AFFIRM the district court's dismissal of Velayo's complaint without prejudice and DENY his motion to proceed *in forma pauperis*.

Entered for the Court

Allison H. Eid
Circuit Judge

3