**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 1, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JOSEPH MARION RYWELSKI,

   Plaintiff - Appellant,

v.

JOSEPH R. BIDEN, JR., President;
U.S. DEPARTMENT OF JUSTICE;
MERRICK GARLAND, United
States Attorney General; BUREAU
OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,

   Defendants - Appellees.

No. 23-5099
(D.C. No. 4:23-CV-00217-CVE-SH)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***

_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.

_____

The district court dismissed a complaint against President Biden, the

Department of Justice, Attorney General Garland, and the Bureau of

---

\*      Oral argument would not help us decide the appeal, so we have
decided the appeal based on the briefing and the record. *See* Fed. R. App.
P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

      This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Alcohol, Tobacco, Firearms, and Explosives. The plaintiff, Mr. Joseph Marion Rywelski, appeals; and we affirm.

## I.    Mr. Rywelski bases his claim on the Declaration of Independence.

In the complaint, Mr. Rywelski challenged the validity of an administrative rule addressing registration requirements on firearms. For this challenge, he relied on the Declaration of Independence. The district court sua sponte concluded that subject-matter jurisdiction didn't exist. *See* Fed. R. Civ. P. 12(b)(1).

## II.    Standard of Review

We conduct de novo review of the dismissal. *Blue Valley Hosp., Inc. v. Azar*, 919 F.3d 1278, 1283 (10th Cir. 2019).

If a district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). So the district court appropriately considered whether subject-matter jurisdiction existed even though no one had questioned it. *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

"Federal courts are courts of limited jurisdiction," and "it is to be presumed that a cause lies outside this limited jurisdiction." *Becker v. Ute Indian Tribe of Uintah & Ouray Reservation*, 770 F.3d 944, 946–47

(10th Cir. 2014) (brackets and internal quotation marks omitted). As the party seeking to invoke federal jurisdiction, Mr. Rywelski had to establish jurisdiction. *See id.* at 947. So Mr. Rywelski needed to allege a basis for

- diversity jurisdiction (under 28 U.S.C. § 1332) or

- federal-question jurisdiction (under 28 U.S.C. § 1331).

*See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. __, 139 S. Ct. 1743, 1746 (2019).[1]

In determining whether Mr. Rywelski met this burden, we credit all "well-pled factual allegations." *Blue Valley Hosp.*, 919 F.3d at 1283. Conclusory allegations of jurisdiction are not enough. *Peterson v. Martinez*, 707 F.3d 1197, 1206 (10th Cir. 2013).

## III. Diversity Jurisdiction

Federal courts have diversity jurisdiction if (1) the parties are citizens of different states or a foreign country and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The United States is not a citizen for diversity purposes, and federal agencies and administrators cannot be sued in diversity. *See Texas v. Interstate Comm.*

---

[1] In the complaint, Mr. Rywelski also invoked supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). But supplemental jurisdiction exists only when the district court has diversity or federal-question jurisdiction over at least one claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Because the district court correctly determined that it lacked both diversity and federal-question jurisdiction, no basis existed for supplemental jurisdiction. *See id.* at 726–27.

3

*Comm'n*, 258 U.S. 158, 160 (1922) (concluding that diversity jurisdiction didn't exist over the ICC and Railroad Labor Board because they "are not citizens of any State"); *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703–05 (7th Cir. 1991) (concluding that no diversity jurisdiction existed over the United States, a federal agency, and an agency administrator); *Com. Union Ins. Co. v. United States*, 999 F.2d 581, 584–85 (D.C. Cir. 1993) (concluding that the Secret Service lacks citizenship for purposes of diversity jurisdiction).

Because the defendants are not citizens of a state for diversity purposes, the district court correctly concluded that it lacked diversity jurisdiction.

## IV.    Federal-Question Jurisdiction

A plaintiff properly invokes federal-question jurisdiction when he pleads "a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks omitted); *see also McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149, 1156 (10th Cir. 2014) ("[J]urisdiction under § 1331 exists only where there is a colorable claim arising under federal law." (internal quotation marks omitted)).

Mr. Rywelski alleged that the rule violates the Declaration of Independence. The district court concluded that these allegations did not confer federal-question jurisdiction because "the Declaration of

4

Independence does not create a private right of action enforceable against the federal government." R. at 48–49.

Mr. Rywelski disagrees, arguing that the Declaration of Independence is the foremost of the country's "Organic Laws," Appellant's Opening Br. at 2, and that "[n]o other founding document, or federal law, of the United States [can] amend, repeal, or replace the Declaration or the rights recited therein," *id.* at 3; *see also id.* at 6. He insists that

- the Declaration of Independence is "substantive law" creating "a legal basis for relief" and

- any "judicial opinions denying the Declaration as law should be made null and void."

*Id.* at 6, 15. But his arguments reflect a misunderstanding of the purpose of the Declaration of Independence.

The Declaration of Independence states the principles on which our government was founded. *See United States v. Cruikshank*, 92 U.S. 542, 553 (1875). The purpose was to guarantee the right of American colonies to seek independence from England, not to establish a government. *See Inglis v. Trustees of Sailor's Snug Harbor*, 28 U.S. 99, 158–59 (1830). The Declaration of Independence is thus a statement of principles and ideas, not of law, and does not grant enforceable rights. *See Schifanelli v. U.S. Gov't*, 865 F.2d 1259 (4th Cir. 1989) (unpublished; per curiam) ("The Declaration of Independence is a statement of ideals, not law."); *see also Rhode Island v. Massachusetts*, 37 U.S. 657, 680 (1838) ("[U]nder the

5

constitution [the court] is bound by events subsequent to the declaration of independence . . . .”). Accordingly, the district court correctly concluded that Mr. Rywelski's allegations didn't confer federal-question jurisdiction.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge